M. G. YANCE'S ADMINISTRATOR *v.* EZEKIEL FOREMAN, ETC.

**Set-Off and Counterclaim—Requisites of Set-Off.**

A set-off must contain all the requisites of a petition, and an allegation by one that he has a claim against the estate of decedent is not equivalent to an allegation that the estate is indebted to him.

**Pleading—Reply, When Not Necessary.**

A reply to a claim against an estate was held not necessary, since it can be reached by exception when reported by the commissioner, or when presented to the court for allowance, in the same way that objection could have been made to any other claim.

**Executors and Administrators—Claims Paid by Administrator.**

An administrator having been brought into court, is entitled to be allowed all valid claims against the estate paid by him, including his own.

**Equity—Submission to Jury—Instructions.**

Where an issue in a case in equity is submitted to a jury by the chancellor, it is immaterial whether the instructions given the jury were proper or not, since the chancellor has the right to disregard the verdict in rendering the judgment.

**Executors and Administrators—Claim—Allowance.**

A claim for personal services rendered a decedent in his lifetime was held properly allowed, and dismissal of the claim properly refused for want of a demand.

APPEAL FROM BOYLE CIRCUIT COURT.

October 8, 1873.

OPINION BY JUDGE PRYOR:

The object the administrator of Yance had in view in filing this petition in equity was to obtain a settlement of the accounts of the appellant Foreman, while acting as executor of the will of the deceased. The litigation in regard to this will was pending for several years and was adjudged by this court not to be the will of Yance, the appellant having in the meantime qualified as executor under it, the latter had fully administered, or was in a condition to have made full and complete distribution. The estate was large and sales of portions of it were made in an adjacent state. The responsibility assumed by Foreman in undertaking the duties of his office as executor, and his labors connected with it, entitled him to the compensation allowed by the chancellor. This allowance is sustained also by the statements of counsel who were fully cognizant of the condition of the estate and the services performed by the executor. This exception to the commissioners report by the plaintiff was therefore properly overruled. The other exceptions being of minor importance, although some of them are perhaps improperly allowed and the court below having sustained exceptions to claims that should have been allowed appellee equal in amount, this court is not disposed to disturb the judgment on that account.

The only exception necessary to be noticed is the exception to the allowance that has already been disposed of and the exception to the claim of the appellee for services rendered Yance in his lifetime. The defense of Foreman, although badly pleaded, consists in his right to retain in his hands upon this settlement the amount of his account against Yance's estate, and to have a credit therefor, as well as for the other vouchers or claims paid off by him against the estate, and whether pleaded or not except by way of general statement specifying the accounts paid off by him and the amount is immaterial. A set-off must contain all the requisites

of a petition and an allegation that the party has a claim against an estate is not equivalent to an allegation that the estate is indebted to him and if the pleader intended to plead this as a set-off it certainly failed to contain the requisites of such a pleading. This, however, being a suit for settlement of the accounts of the executor in order to ascertain the amount of property, rent, etc., and the sums of money paid out by the executor, it was sufficient for him to say in his answer that he had paid A B and C claims against the estate, including his own and filing his vouchers therefor, and these vouchers liable to exception if not properly proven. The vouchers for these services seem not to have been filed with the pleading, but is found in the case embodied in a deposition and was recognized by the chancellor and also the parties to this proceeding as being a part of the record. It was unnecessary for the appellants to have replied to this statement of the claim of appellee. He could have reached it by an exception when reported by the commissioner, or when presented to the court for the allowance, in the same way that an objection could have been made to any other claim. The plea to the jurisdiction was properly disregarded. If the court had the jurisdiction and power to permit the executor to retain the money in his hands on this settlement that had been paid out by him on other claims against the estate, we can not see why he should not be permitted to retain the amount of his own account. The administrator having been brought into court, he was entitled to be allowed all valid claims that he had paid off against the estate, including his own, for if that was a valid subsisting claim, he was certainly entitled to a credit by it as if it had been a claim paid to a third party. There was an issue tendered by the reply of the appellant, an issue that could have been made by an exception merely, and the chancellor doubting, perhaps from the testimony, required a jury to be sworn in order to try the issue. No motion was made to transfer this branch of the case to the ordinary docket, and if there had been the appellant had sought the aid of the proper tribunal to settle the accounts of the appellee and the court had the same jurisdiction to allow this account that it had any other presented.

The appellant objected to the trial of this issue by a jury and the chancellor of his own motion and by virtue of a right always pertaining to the determination of such questions in a court of equity

asked the aid of a jury in enabling him to properly determine the questions at issue.

It was therefore immaterial in our opinion whether the instructions were proper or not, or the verdict for too much to too little. The chancellor had the right to disregard the verdict of the jury and render a judgment for more or less than the jury found to be due. The only question presented in the case is, "Did the testimony in regard to this claim of the appellee authorize the court to make the allowance?" It is an admitted fact that the appellee attended to the business of the decedent for many years to the neglect of his own business and we think it may be fairly inferred from the proof, when the promise made by Yance that the appellee should be fully compensated in a devise by Yance of a part of his estate to appellee's wife. The character and value of these services are fully established and in fact no man under the circumstances proven would have abandoned his own business indicated as the appellant seems to have done for years and devote his time and attention to the interests of others without some promise, at least, of reward. The wife of appellee was an adopted daughter of the decedent. He had no children and that this claim for services was permitted to sleep under the promise of this devise to the wife there is but little doubt, and if so, the statute of limitation is no bar to the recovery. The chancellor acted properly in refusing to dismiss the claim because no demand had been made, for the reasons given by this court in the case of *Millet &Co. v. Watkins, Administrator,* 4 Bush 642, and for the additional reason that it should have been regarded as a claim paid by the executor.

The judgment of the court below is *affirmed*.

*Bell, Harding, for appellant.*

*Breckenridge, Buckner, for appellee.*