CHIEF JUSTICE SIMPSON
delivered the opinion or the court:
Two questions arise in this case. First: was the affidavit which was made by the plaintiff in the action, in verification of his demand against the estate of the decedent, sufficient according to the requisitions of the statute ? Second : was it necessary to accompany'the demand which the law requires the creditor to make of the personal representative, before an action is brought against him, with other proof of the debt, as well as with the affidavit of the claimant?
First. The plaintiff stated in his affidavit that his account against the decedent “was just and due him, and was wholly unpaid, and there was no just off-set against the same known to him, and there was no usury contained therein.”
In addition to the statement contained in this affidavit, the statute requires the claimant to state that there is “ no discount against the demand.” {Revised Statutes, p. 340.) Unless, therefore, the term set-off is sufficiently comprehensive to embrace discounts as well as set-offs, or unless the affidavit which was made contains some other expression which necessarily excludes the idea of the existence of any discount against the debt, it cannot be regarded as being sufficient.
A set-off and a discount are separate and distinct matters. The first is an independent debt or demand, which the debtor *599 has against his creditor, and which he can use to counterbalance the demand of the latter against him, either in whole or in part. The second is a right which the debtor has to an abatement of the demand against him, in consequence of a partial failure of the consideration, or on account of some equity arising out of the transaction on which the demand is founded. This is a right which may exist, although the debt may be due and unpaid. The debt may also be just, although subject to a discount. The claimant is not required to state in the affidavit that the whole demand is just, but only that it is a just demand, and if it be subject to a discount, to state the amount of the same to the best of his knowledge and belief. It is therefore apparent, from a consideration of the whole tenor of the affidavit which the law requires the claimant to make, that there is nothing in it which authorizes the statement, which was omitted in the affidavit in this case, to be dispensed with ; but, on the contrary, that it is necessary not only to show that there is no discount according to the proper meaning of the term against the demand, but also that no part of it has been paid. There is nothing else in the affidavit which the statute prescribes that will embrace partial payments of the demand, which, if any have been made, should be stated by the claimant.
We are therefore of the opinion that the affidavit which was made by the plaintiff was insufficient.
Second. The verification which the claimant is required to make does not dispense with such other proof as was deemed necessary to sustain the demand before the passage of the statute which requires the verification to be made. A personal representative is not bound to pay an account until it be proved. An affidavit of a competent witness that he knows it to be just and correct, when it accompanies the account, together with the verification of the claimant, furnishes the administrator with a voucher which is prima facie evidence that its payment by him was proper, and entitles him to a credit therefor in the settlement of his fiduciary accounts.
*600 600
By section 473 of the Civil Code, it is provided that no suit shall be brought against a personal representative until after a demand is made of him, accompanied with the affidavit required.
The affidavit referred to is the one which the claimant himself is required to make. And if the debt be evidenced by note, or other writing, the presentation of the note accompanied with the affidavit of the claimant, at the time of the demand, is all that is necessary.
But to render the demand effectual it ought to be so made that it would be the duty of the personal representative to comply with it. The object of the law in requiring a demand to be made is to afford him an opportunity to pay the debt, and thereby to prevent the estate of the decedent from being subjected to the costs of an action. When the debt claimed is an open account, unless it be so proved at the time of the demand as to authorize its payment by him, this object will, in such cases, be wholly defeated. A demand of an unliquidated and unproved account would be entirely nugatory. The personal representative, if he had no knowledge that it was just, would be under no obligation to pay it; indeed, he could not do it, without incurring the risk of a personal liability. By declining to pay it, until he is furnished with 'prima facie evidence of its correctness, he would not be in default, nor should the estate which he represents be thereby subjected to the payment of costs.
As the law has made a previous demand necessary, the demand should be made under such circumstances as would entitle the claimant to the payment of his debt. Unless it be so made, the requisition of the statute becomes vain and useless, and the' intention of the legislature will be entirely frustrated. Such a construction should therefore be given to the statute as will best tend to remedy the evil which it was designed to prevent, and to promote the object which it was intended to accom • plish.
Under this view of the law, it is the duty of the claimant, before he commences an action on an account against the estate of a decedent, to demand its payment, and to accompany the demand with proof of the account as well as with his own affi *601 davit. If tbe account can be proved by the personal representative, and no other person, his refusal to give an affidavit should be regarded as sufficient to dispense with any other proof, besides the verification which the claimant is required to make by his own affidavit.
An ex parte affidavit that the account is just will be sufficient. In this case an affidavit of a third person was taken to prove the account. The affidavit, however, is manifestly defective. ■ The affiant merely states that the account “is just and true as he verily believes.” He does not state that he knows the account to be correct, nor even upon what knowledge or information he believes it to be correct. He may entertain such a belief merely upon information derived from the claimant, without having any knowledge himself upon the subject.
The appellant filed an affidavit in the court below, in which he stated that previous to the commencement of the action, no demand was made of him for the payment of the claim sued on, accompanied with the proper affidavits, and for that reason moved the court to dismiss the plaintiff’s petition. The court, on the production of the affidavits before mentioned, overruled that motion, and in that respect erred to his prejudice.
Judge Stites concurs with the other members of the court in the opinion that the judgment should be reversed on the ground that the affidavit made by the plaintiff was insufficient; but he dissents from the opinion expressed by them on the other questions, being of the opinion that the plaintiff’s own verification is all the proof that is required at the time of the demand.
Wherefore, the judgment is reversed, and cause remanded with directions to sustain said motion, and to dismiss the plaintiff’s petition without prejudice.