JAMES McKNOLL *v.* JAS. W. WEAR'S ADMR.

Personal Representative — Action Against — Account — Demand — Affidavit — Proof by Personal Representative Only — Successor — Voucher — Settlement.

It is the duty of a claimant, before commencing an action against a personal representative, to demand payment and accompany it with proof of the account as well as his own affidavit.

Same — Voucher.

The personal representative must be furnished with a proper voucher by which he can obtain credit in his settlement.

Same Proof by Personal Representative.

If proof of a claim can only be made by the personal representative and he refuses to make the affidavit, further proof is dispensed with.

Representative — Admission — Successor.

The mere admission of the correctness of a demand by a representative does not bind his successor in office so as to dispense with proof.

APPEAL FROM MASON CIRCUIT COURT.

June 27, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

It is the duty of a claimant, before commencing an action against a personal representative on an account against the estate of a decedent, to demand its payment and accompany the demand with proof of the account, as well as with his own affidavit, one

of the objects of the law being to furnish the personal represen-
tative with a proper voucher by which he can obtain credit in his
settlement, by the payment when made.   If proof of the claim
can only be made by the personal representative, and he being
required shall refuse to make the requisite affidavit, such refusal
would dispense with the proof as a prerequisite to the commence-
ment of the action (1 Met. 600).    But it does not appear that
the administratrix of Wear refused or was required to give an
affidavit proving the justness of the claim, and we are clearly of
the opinion that her mere admission of the correctness of the
demand and willingness to pay it did not bind her successor in
office to do so and accept an insufficient voucher by which he could
not properly have been credited in his settlement.

We are, therefore, of the opinion that the court properly dis-
missed the action.

And the judgment is affirmed.