JUDGE LINDSAY
delivered the opinion oe the court.
This is an. action founded upon a foreign judgment. Before the institution of the proceeding the agent of the plaintiff, wh.o is a non-resident, demanded the payment of the claim from the administratrix of the decedent. Pie accompanied his demand with a statement of the judgment and the affidavit required by sections 35 and 36, article 2, chapter 39, General Statutes. Upon a .rule the action was dismissed, the court below being of opinion that the demand was not so made as to make it the duty of the administratrix to pay. The affidavit was made by Sam. F. McKee, who stated therein that the creditor was absent from the state, and that he (McKee) was his agent. This, furnished sufficient evidence of the agency, *483 and was all the. proof thereof that section 35, before cited, cop-templates.
Upon the trial of the! rule the administratrix was sworn, She stated that at the.time McKee made.the demand “he held out to her a paper, which he referred to as containing an account of the claim; that she did not take or examine -the said paper; and that, although she had heard of the claim, she stated to him. that she would not pay 'it, because she did not know any thing about it. That.th.e only paper or document or evidence of the claim which McKee, presented to her . on the occasion nr before the commencement of this action was the one referred to above, b.ut she did not take it in her, hand or examine it; that after the commencement of the ’first action against her she sent- her son-in-law, Mr. Dabn'ey, and William Peay to Clarksville, Tennessee, to examine into the matter* and when they returned they reported. to her that they had found, the record of the judgment against her husband referred to in the petition and a great many other papers which they did' not examine.”
The administratrix insists that the demand was not effectual because it was not accompanied -by a certified copy of the judgment and record from the Tennessee court, and that until the legal evidence of the claim, .properly verified, is presented to ■her it is not her duty to pay.
The. object of the law requiring a demand to be made is to afford the personal representative an' opportunity to pay the debt, and'thereby to prevent the estate of. the decedent from •being subjected to the costs of an action. The demand should be made under .such circumstances' as entitle the claimant to the payment of the debt (Trabue’s executor v. Harris, 1. Met. 600); but the demand may be waived by the personal representative before or after suit. (Thomas’s executor v. Thomas, 15 B. Mon. 184.)
In this case the administratrix had, through the .examina *484 tion made by her agents, ascertained the- existence of the Tennessee judgment. She was fully apprised of the nature and evidence of the claim. She declined to receive or examine the papers or vouchers offered to her by McKee when he made the demand. She did not object because he failed to produce to her such a voucher as would have justified her in paying. She stated to McKee that she would not pay the claim; that she did not know any thing about it; and she declined to avail herself of the opportunity he was then affording her to acquire information on the subject.
Her every act and word were calculated to convince McKee that she would pay under no state of case; that it was not her desire to protect the estate from the costs of litigation, but that it was her intention to test the validity of the claim in the courts.
Under such circumstances nothing could have been accomplished by producing to the administratrix a copy of the Tennessee record. McKee had the right to suppose that she would decline to receive or examine the record, just as she had declined to receive or examine- the statement and affidavit he had already tendered her.
Her announcement, under the circumstances, of her intention not to pay the debt was in effect an invitation to the appellant to sue; and to allow her now to avail herself of a legal right she thus deliberately waived, or at least induced McKee to suppose she intended to waive, would be to allow her to convert a statute intended for the protection of the estates of deceased persons and of personal representatives into an instrumentality for the perpetration of frauds upon creditors.
One suit had already been instituted against appellee on this claim. It was necessary that it should be dismissed on account of the want of a demand of payment before suit. She knew the object of the demand in this instance. She told *485 McKee, as he swears, that she knew all about the debt, and that she did not blame him for making the demand.
Under the circumstances of the case, and as the record shows the proper verification of the claim, a technical compliance with the statute should have been held to have been waived.
Judgment reversed, and cause remanded with instructions to discharge the rule and for further proper proceedings.