*C. H. Lee, for appellants. J. H. Fryer, for appellees.*

---

T. C. LAUGHLIN'S ADM'R, ET AL., *v.* OWINGSVILLE & MT. STERLING TPK. CO.

[Abstract Kentucky Law Reporter, Vol. 1—348, as *Laughlin's Adm'r v. Orangeville and Mt. Sterling Tpk. Co.*]

**Demand of Subscription from Personal Representative.**

The object of the statute in requiring a demand to be made of a personal representative of a deceased subscriber to a turnpike company, before entering suit, is to give the representative an opportunity to pay and avoid costs. In order to entitle the claimant to payment the demand should be made under such circumstances as entitle claimant to the payment of the debt, and where a demand is made before payment is due it is not sufficient.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 27, 1880.

OPINION BY JUDGE HARGIS:

The subscription to appellee did not become due until the company determined in what proportions and at what times they should be

paid. Forty-five cents on each dollar subscribed was ordered to be paid in different proportions prior to January, 1869. The payments thereof, it was determined by the company, should be made immediately, but as to the remainder, amounting to 55 per cent. of the stock claimed to have been subscribed by appellants' intestate, no order determinative or call therefor was made by the appellee until February, 1869, which was before the institution of this suit, but subsequent to the demand made of the administratrix. The administratrix refused to pay any of the subscription alleged to be owing by her intestate and late husband.

The appellee does not allege in its petition or any of the amendments thereto that the calls were made before the institution of the suit, which may be true, and yet the calls may not have been made long enough before its institution as to precede the demand. This was evasive pleading and therefore not bad. The appellant denies any knowledge or information of the making of the calls. In this state of the pleading, on the motion to dismiss the appellee's suit because a demand with affidavits required by law had not been made before it was brought, the burden of showing that the subscription was due lay upon the appellee. Appellee was the custodian and in the possession of the books of the company, and had every opportunity of proving the fact, if it·was true. The appellant could not, without inspecting the books, know that the calls necessary to determine that the subscription was due and payable had been made, and she properly refused to pay 55 per cent. of the subscription when it was demanded, because that portion of it was not due according to the calls as shown by appellee in the progress of the trial.

The object of the statute in requiring the demand is to afford the personal representative an opportunity to pay the debt and avoid costs of a suit. But in order to entitle the claimant to payment of the debt the demand should be made under such circumstances as entitle the claimant to the payment of the debt. *Howard's Adm'r v. Leavell,* 10 Bush 481 ; *Trabue's Ex'r v. Harris,* 1 Met. 597.

Here it is clear that 55 per cent., or more than one-half, of the subscription was not due when the demand was made, and the appellee was not entitled to collect it until after it became due. If otherwise, the plea of the appellant, Nannie Laughlin, that the subscription was barred by limitation because it had been made more than fifteen years, is good, for if the subscription became due at all before the calls were made it became due as soon as it was subscribed, as no

other time for its payment is fixed by the contract.  The evidence admitted against appellant's objections of the enhancement of the value of the lands of appellant, by reason of the location of the road, was calculated to induce the jury to render a verdict on the basis of an equitable settlement of the differences between the parties, rather than by the terms of the contract, and that evidence was therefore erroneous.  We perceive no other substantial error in the proceedings.  The instructions fairly presented the issues to the jury, except as to the amount of recovery, and gave the appellants the benefit of having all the issues and the facts relative thereto fully determined by them.

The court should have dismissed the appellee's petition for 55 per cent. of the stock without prejudice as to the administratrix, but not as to appellant, Nannie Laughlin, against whom the petition and amended petitions present a good cause of action for the whole amount of the subscription, and no demand of her was necessary.

Wherefore the judgment as to both appellants is *reversed,* with directions to award them a new trial and for further proceedings not inconsistent with this opinion.

*C. Brock, T. Turner, W. H. Holt, for appellants.*

*R. Reid, for appellee.*