WILLIAM HAMILTON'S ADMR. v. L. P. TARLTON, RECEIVER.

[Abstract Kentucky Law Reporter, Vol. 3—471.]

**Validity of Subscription.**

> Where a subscription to a public enterprise is conditional upon a certain named sum of solvent subscriptions being made, if the sum required is subscribed by subscribers solvent and able to pay when the subscription is made, one who subscribes can not be released from his subscription by showing that many of such subscribers became insolvent before their subscriptions became due.

**Claims Against Estates.**

> The statute providing that no interest accruing after the death of

the decedent shall be allowed unless the claim be verified and proven as required by law, and demand be made of the representative within one year after his appointment, is rendered unnecessary where the administrator files a petition for a settlement within the year and a commissioner is called on to adjust the accounts; the presentation of the claim is to the court or the commissioner and not to the representative.

## APPEAL FROM WOODFORD COURT OF COMMON PLEAS.

### December 8, 1881.

OPINION BY JUDGE PRYOR:

In the consideration of the testimony in this case bearing on the question as to the performance of the condition precedent by the payees of the note or the trustees of Hamilton college, before they could enforce its collection, it conduces to show the best of faith on the part of the trustees, and a belief on the part of all that the subscribers were able to pay their individual subscription. They all owned property and had credit in the county in which they lived, and the pecuniary embarrassments of many of them originated from the depreciation of the value of property under circumstances that could not be averted. The list could have been taken by any business man at the time the subscription was made, as a compliance with the terms of the undertaking, and as a sufficient guarantee that the fund raised would insure the success of the enterprise.

The appellant's intestate, as well as others, realized this fact, and instead of resisting the payment of his subscription, induced the making of the compromise between the trustees of the institution and the holders of these subscription notes, resulting in securing the institution to those who had contributed to build it up. The intestate was himself at one time a member of the board, and seems to have been consulted as much as any other stockholder with reference to the business affairs of the institution. The reliance of the appellant is more on the subsequent insolvency of the subscribers than their condition at the time the subscription was made. That of Mc-Garvey and Graham for $5,500 was an enforcible subscription. It is true they were not compelled to pay it as between themselves and those who indemnified them; but they were personally liable for the whole amount to the institution, and in the event they were com-

pelled to pay could look to the bond of indemnity for protection. This is clearly shown, and their note was executed in good faith, as much so as that of the intestate. It seems, although his note upon its face matured at a certain date, still he held the obligation of others to pay the calls upon him in the event he so desired, and the demand was not in fact to be enforced during his life. The parties interested were anxious to build up the institution, Hamilton among the number, and any valid subscription that could be used in making the payment to Hooker seems to have been taken. The other subscribers, or many of them, have made payments in full of their subscriptions, on the faith of the subscription made by the others, and all parties seem to have considered the success of the enterprise as fixed, and the amount of money subscribed as sufficient for the purposes contemplated, until the reverses in trade and speculation resulted disastrously to many who had agreed to pay. We see no reason for exempting the appellant, as the representative of the intestate, from liability.

It is insisted that this judgment should be reversed for the additional reason that interest was allowed on the note. General Statutes (1879), Ch. 39, Art. 2, § 53, provides, in substance, that no interest accruing after the death of the decedent shall be allowed, etc., unless the claim be verified and proved as required by law, and demanded of the representative within one year after his appointment. In this case the appellant, as administrator, filed his petition in equity within twelve months after his appointment, asking a settlement of the estate and requiring the creditors to present their claims, and the case was referred to a commissioner. The appellant by this proceeding required claims to be presented to the court or its commissioner, and a demand of the administrator would have been futile, as he had sought the aid of the chancellor to settle for him, fearing that the personal estate would be insufficient to pay the debts. The effect of this statute is to enable the personal representative to know the indebtedness of his intestate, that he may pay off the same so as to stop interest, or take such other steps as will insure a speedy settlement of the estate. While the statute makes no exceptions, it is evident that when the administrator files a petition for a settlement within the year, and a commissioner is called on to adjust the accounts, whether within the year or after the expiration of the year, the presentation of the claim is to the court or the commissioner, and not to the representative. It was never contemplated

that the claimant should prove his claim in such a case, then make a demand of the representative, and from him pass to the commissioner, who has to again pass upon it to enable the creditor to obtain his pro rata portion of the estate. Interest was therefore properly allowed. See *Gray's Exr. v. Lewis,* 79 Ky. 453, 3 Ky. L. 234.

Judgment *affirmed.*

*D. L. Thornton, for appellant.*

*L. P. Tarlton, R. A. Buckner, for appellee.*

[Cited, *Richardson's Admr. v. Banta,* 15 Ky. L. 348, 23 S. W. 350; *Hamilton's Exr. v. Wright,* 27 Ky. L. 1144, 87 S. W. 1093.]

