CASE 38—PETITION EQUITY—NOVEMBER 17.

# Dewhurst v. Shepherd's Executor, Etc.

APPEAL FROM BULLITT CIRCUIT COURT.

1. DECEDENTS' ESTATES—PROOF OF CLAIMS—EXCEPTIONS—BURDEN OF PROOF.—If in a suit to settle a decedent's estate a claim is allowed by the Master Commissioner, and there are exceptions to it when it is reported to court and no evidence heard upon the exceptions, the burden of proof being upon the claimant, the exceptions should be sustained.

2. SAME.—Under the provisions of section 3870, of the Kentucky Statutes, a witness to a claim against the estate of a decedent must give in his affidavit the reasons why he believes the claim to be just, and if he fails to do so, the affidavit is insufficient.

CHAPEZE & HALSTEAD FOR APPELLANT.

1. The affidavit of the claimant and the witness, Phelps, were in accordance with the requirements of the statute, and the claim should have been allowed.

J. F. COMBS FOR APPELLEES.

1. The affidavit of the witness, Phelps, fails to give the reasons why he believes the claim of appellant to be just, and is therefore insufficient under the provisions of section 3870, of the Kentucky Statutes.

2. The exceptions filed by appellee put the burden of establishing his claim on the appellant, and the transcript filed fails to show that any evidence was heard in support of the claim, and appellant must therefore fail.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In August, 1893, R. C. Shepherd, executor of John H. Shepherd, brought an action in the Bullitt Circuit Court, seeking a settlement of the estate of said John H. Shepherd, and said action was referred to the master commissioner to take proof of claims, etc.

The appellant, John Dewhurst, filed a claim with the commissioner against the estate for the sum of $294 in gross, the items composing said account are not shown at all.

The claimant, Dewhurst, verifies said account as the law directs, and the affidavit of the only witness, W. J. Phelps, states that he has examined the account and he believes the same to be reasonable, correct, just, due and unpaid, and by an amendment says that same is a just demand against the estate of J. H. Shepherd. This claim was reported by the commissioner and by him allowed.

The executor excepted to this claim because the same was not proven, is unjust and denied the fact of indebtedness to Dewhurst at all. The court sustained the exceptions and rejected said claim, and from said order and judgment said claimant appeals to this court. There is no bill of exceptions in the record and nothing to show that on the trial of the exceptions any evidence was heard, and as the correctness of the claim was denied by the exceptions, the burden of proving same was on appellant to establish his claim, and he having failed to do so, it was properly rejected. Besides, the affidavit of the proving witness does not meet the requirements of the statutes.

Section 3870, of Kentucky Statutes, provides: * * * "It shall also be verified by a person other than the claimant, who shall state in his affidavit that he believes the claim to be just and correct, and 'give the reasons why he so believes.'"

The evident object of the part of the statute, supra, we have italicised was to compel a claimant to bring a witness who had some knowledge of the facts, so he could give a reason for testifying that it was just or that he believed it was just. This the witness, Phelps, wholly failed to do.

Finding no error, the judgment of the circuit court rejecting this claim is affirmed.