CASE 55.—ACTION BY THE CRANE & BREED MANUFACTUR-
.ING COMPANY AGAINST MATILDA STAGG'S AD-
MINISTRATOR.—November 17, 1909.

## Crane & Breed Mfg. Co. v. Stagg's Adm'r

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

Judgment of dismissal and plaintiff appeals.—Re-
versed.

1.  Pleading—Affidavits—Pleadings Executed in Another State—
    Sufficiency.—A pleading or affiadavit to be used in Kentucky
    must be made and verified as required by the laws thereof,
    though executed in another state.
2.  Executors and Administrators—Actions Against—Verification
    of Claims.—Ky. St. Sec. 3870, provides that all demands
    against the estate of a decedent shall be verified by the claim-
    ant's written affidavit.  Civ. Code Prac. Sec. 544, defines an
    affidavit as a written declaration under oath made without
    notice to the adverse party.  Sec. 550, subsec. 1, provides that
    any affidavit by law may, unless otherwise expressed, be made
    by his agent or attorney if he be absent from the county.
    Section 117 provides that an affidavit of a private corporation
    must be verified by its chief officer or agent, etc., or if it
    have no such officer or agent in the county in which the ac-
    tion is brought, that it may be verified by its attorney.  Sec-
    tion 549, subsec. 2, provides that an affidavit may be made
    out of the state before any officer or person who may be
    authorized pursuant to section 564 to take depositions and sec-
    tion 564 authorizes the taking of depositions out of the state
    before a notary public, etc.  Held, that the affidavit of a non-
    resident corporation claimant against the estate of a decedent
    may be made before a notary at its chief office or principal
    place of business in the state of its residence by its chief
    officer, or in his absence from the county of its principal place
    of business, by its treasurer or other authorized agent, the
    affidavit in the latter case to show the official title of the chief
    officer, his absence from the county, and the authority of the

treasurer or other agent to make the necessary affidavit, and such an affidavit which does not purport to have been made by the corporation's chief officer, or state that he was absent from the county, or that the corporation's treasurer, in the absence of its chief officer from the county, was authorized to make the affidavit is insufficient.

3   Executors and Administrators—Actions Against—Affidavit of Claim—Sufficiency.—Under Ky. St. Sec. 3871, providing that, if any part of the demand of a claimant against a decedent's estate has been paid, the affidavit of claim shall state the payment, and, when it was made, to the best of affiant's knowledge and belief, an affidavit of claim upon an account which embraces sales of merchandise from claimant to decedent covering a period of four years, aggregating $1,463.71, upon which decedent had made during that period numerous payments, all credited on the account, amounting to $1,062.91, leaving a balance due of $400.80, which affidavit treated the balance, not as a balance, but as representing decedent's entire indebtedness from start to finish, was insufficient.

4   Executors and Administrators—Actions Against—Affidavit of Claim—Sufficiency.—Under Ky. St. Sec. 3870, which requires that, when a person other than the claimant against a decedent's estate makes affidavit to the claim, he shall state in his affidavit that he believes the claim to be just, and shall give the reason why he so believes, an affidavit by an employe of a claimant on an account against an estate giving as the only reason for his belief as to the correctness of the account that he had examined plaintiff's books, and found that the account against decedent appeared on the books as on the copy of the account to which his affidavit was attached, is insufficient.

5.   Executors and Administrators—Suit to Compel Settlement by Administrator—Necessity for Verified Affidavits of Claims.—Where a creditor sued in equity to compel the settlement of an estate by an administrator, under Civ. Code Prac. Sec. 428, and the payment of debts, including plaintiff's claims, making the administrator, decedent's heirs, and such of the creditors as were known to plaintiff, defendants, and the petition charged that the administrator was delaying settlement, stated the amount of the estate's indebtedness, the value of its property, that the personal property was not sufficient to pay the debts, alleged the necessity for a sale of realty for such purpose, asked a reference of the case to a master commissioner for taking proof as to creditor's claims, and reporting assets and liabilities of the estate, and closed with a prayer for personal judgment for plaintiff's debt, with

interest, and for a settlement of the estate, etc., it was unnecessary that payment of plaintiff's claim should have been demanded of the administrator before the institution of the action, and it was error to dismiss the suit because of a failure of plaintiff to present such affidavit, the object of the statute requiring the claimant, before bringing an action on his claim to make demand of payment, being to afford the personal representative an opportunity to pay it without cost of suit, which would not be necessary where there are no assets in the bands of the personal representative with which to pay decedent's debts, or such as he may have are insufficient for that purpose, and decedent left real estate liable for such debts.

B. F. ROACH for appellant.

### AUTHORITIES CITED.

Kentucky Statutes, Section 3872; Hoffman v. Moore's Adm'r, 101 Ky., 1290; Howard v. Leavell, 10 Bush, 481; Thomas Exr. v. Thomas, 15 B. Mon., 182; Stix, &c., v. Eversole's Adm'r, &c., 106 Ky., 517; Civil Code, Section 428; Civil Code, Section 429; Brand v. Brand, 22 Ky. Law Rep., 1366; Holland v. Lowe's Adm'r, 101 Ky., 289.

THOMAS H. HARDIN for appellee.

### AUTHORITIES CITED.

Rogers v. Mitchell's Executor, 1 Met., 22; Carroll's Code, Sec. 733, subsec. 33 (Edition 1906); Ky. Statutes, Secs. 3870 to 3872 (Edition 1905); Bullitt's Code, Sec. 437 (Edition 1895); Leach v. Kimball's Adm'r, 13 Bush, 424; Tichenor v. Wood, 24 Ky. Law Rep., 1100; Thomas' Executor v. Thomas, 15 B. Mon., 184; Nutall's Adm'r v. Brannen's Exr., 5 Bush, 17 to 20; Holland v. Levi's Adm'r, 101 Ky., 103.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Mercer circuit court dismissing appellant's action upon the grounds that the account of $400.80 against the estate of Matilda Stagg, deceased, sued on, had not been verified, or its payment demanded of the ad-

ministrator before suit, as required by sections 3870-3872, Ky. Stat. Attached to the account filed with the petition were two affidavits; the first being that of appellant's treasurer, and the second that of another person, presumably an employe of appellant, who made oath as to the correctness of the account from a comparison of it with the original entries contained in appellant's books. The first affidavit was insufficient. In the first place, it did not purport to have been made by appellant's chief officer, or state that such chief officer was absent from the county in which appellant's chief office is situated at the time the affidavit was made, or that appellant's treasurer, in the absence of the chief officer from the county, was authorized to make the affidavit. Appellant is a corporation created and doing business as such under the laws of Ohio, and its chief office or place of business is in that state, as is the residence of its chief officer.

A pleading or affidavit to be used in Kentucky must, though executed in another state, be made and verified as required by the laws of Kentucky. Section 3870, Ky. Stat., provides: "All demands against the estate of a decedent shall be verified by the written affidavit of the claimant, or in his absence from the state, by his agent, or if dead, by his personal representative, stating that the demand is just, and has never to his knowledge or belief been paid, and that there is no off-set or discount against the same, or any usury therein; and if the demand be other than an obligation signed by the decedent, or a judgment, it shall also be verified by a person other than the claimant, who shall state in his affidavit that he believes the claim to be just and correct and give the reasons why he so believes."

Civil Code Prac., sec. 544, thus defines the word
"affidavit": "An affidavit is a written ·declaration
under oath, made without notice to the adverse par-
ty." Subsection 1, section 550, provides: "Any af-
fidavit which this Code requires or authorizes a
party to make máy, unless otherwise expressed, be
made by his agent or attorney, if he be absent from
the county." By yet another provision of the Civil
code of Practice, viz., section 117, a pleading or affi-
davit of a private corporation "must be verified by
its chief officer or agent upon whom a summons in
the action is lawfully served, or might be lawfully
served if it were a defendant; or if it have no such
officer or agent in the county in which the action is
brought, or is pending, it may be verified by its at-
torney."

It will be observed that neither the sections of the
statutes nor those of the Code, supra, offer any ob-
struction to the right of appellant to make or exe-
cute the affidavits in verification of its claim in the
state of Ohio. They merely provide how the verifi-
cation shall be effected if made or to be used in this
state. The Code (section 549, subs. 2) does, how-
ever, provide: "That an affidavit may be made    *    *
out of this state, before any officer or person who
may be authorized, pursuant to section 564, to take
depositions." And section 564 authorizes the tak-
ing of depositions out of this state "before a commis-
sioner appointed by the Governor thereof; or before
any other person empowered by a commission di-
rected to him by consent of the parties, or by order
of the court; or before a judge of a court, a justice
of the peace, mayor of a city, or notary public."
Therefore the claimants' affidavit, in proof of appel-

lant's demand against appellee, might have been made before a notary at its chief office or principal place of business in Ohio by its chief officer, or, in his absence from the county in which such chief office or principal place of business is situated in that state, by its treasurer, or other authorized agent. In the latter case, however, the affidavit should, by an appropriate statement, be made to show the official title of the chief officer, his absence from the county, and the authority of the treasurer or other agent to make the necessary affidavit. None of these essential facts appear in the affidavit made by the treasurer, and their omission, as we have already intimated, rendered it fatally defective.

We think the affidavit defective in another particular. It fails to state the decedent's full indebtedness to appellant according to the account as originally rendered, or to indicate the payments for which the account on its face shows she was given credit. In other words, the affidavit treats the $400.80 balance due on the account, not as a balance, but as representing the decedent's entire indebtedness to appellant from start to finish; whereas, according to the account itself, it embraced sales of merchandise from appellant to the decedent covering a period of four years, aggregating $1,463.71, upon which she made, during the same period, numerous payments, all credited on the account and amounting in the aggregate to $1,062.91, which, subtracted from the total indebtedness, left a balance due appellant of $400.80. In addition to what section 3870, Ky. Stat., directs to be stated in the affidavit of the claimant, section 3871 requires: "If any part of the demand has been paid, or there be any set-off or

discount against the same, or any usury therein, the affidavit shall state the payment or usury, when the payment was made, and when the set-off or discount was due, to the best of the affiant's knowledge and belief. * * *''

The second affidavit accompanying the account, made doubtless by an employe of appellant, appears to be defective in one particular. It gives but a single indefinite reason for the affiant's belief as to the correctness of the demand sued on, viz., that he had examined appellant's books and found that the account against the decedent appeared on the books as on the copy of the account to which his affidavit was attached. Though without personal knowledge of the sales to the decedent of any of the merchandise set forth in the account, if, in addition to what is said in his affidavit, this employe had therein stated he was familiar with the merchandise described in the account as having been sold the decedent and its market value during the period covered by the account, that the various sums charged in the account therefor were reasonable and the customary prices for such goods, and that it appeared from the original entries that the merchandise therein described was sold the decedent as of the dates respectively therein specified—it would have made the affidavit sufficiently conform to section 3870 of the statute, supra, which requires that the person other than the claimant ''shall state in his affidavit that he believes the claim to be just and correct, and give the reason why he so believes.'' Dewhurst v. Shepherd, 102 Ky. 239, 43 S. W. 253, 19 Ky. Law Rep. 1260. But, notwithstanding the conclusions we have expressed as to the insufficiency of the affidavits

furnished by appellant in proof of its claim, we are, nevertheless, of the opinion that the circuit court erred in dismissing the action on that ground, or because of the alleged failure of demand.

We find from the record that the action was one in equity brought under section 428, Civ. Code Prac., by appellant as a creditor of the decedent to compel a settlement by the administrator of her estate and the payment of the estate's indebtedness, including its claim of $400.80. The administrator, heirs at law of the decedent, and such of the creditors as were known to appellant were made defendants, and the petition, as amended, charges that the administrator is delaying the settlement of the decedent's estate in order to obtain profit in its business from the interest realized on the money belonging to the decedent's estate it has received; states with particularity the amount of the estate's indebtedness, the nature and value of the property, real and personal, left by the decedent; that the personal property is not sufficient to pay the debts; and alleges the necessity for a sale of the real estate or such part thereof as will realize an amount, which together with the proceeds of the personalty will be sufficient to pay the decedent's debts. The petition also fully described the real estate, asks a reference of the case to the master commissioner for taking proof as to the claims of creditors and reporting the assets and liabilities of the estate, and closes with the prayer for a personal judgment against the administrator for appellant's debt with interest, for a settlement of the estate, and all necessary general and equitable relief.

In view of the object of the action and the fact that appellant's claim, as well as those of all other credi-

tors of the estate, must be properly proved as required by the statute before they are filed with and allowed by the commissioner, it was unnecessary that payment thereof should have been demanded of the administrator before the institution of the action by the presentation to him of the claim accompanied by the necessary statutory affidavits. Huffman v. Moore's Admr. 101 Ky. 288, 41 S. W. 292, 19 Ky. Law Rep. 461; Grey v. Lewis, 79 Ky. 453; Hamilton v. Wright, 87 S. W. 1093, 27 Ky. Law Rep. 1144.

The object of the statute in respect to the verification of claims against decedent's estates is to protect them against unjust or fraudulent claims, and the reason for requiring the claimant, before bringing an action on his claim, to make demand of payment, is to afford the personal representative an opportunity to pay it without cost of suit, and at the same time have a legal voucher of such payment. If, however, there are no assets in the hands of the personal representative with which to pay the decedent's debts, or such as he may have be insufficient for that purpose, but the decedent left real estate liable for such debts, there can be no reason or necessity for a creditor's presenting his claim, accompanied by the statutory affidavit, to the personal representative, in order to entitle him (the creditor) to bring suit for the purpose of subjecting such real estate to the payment of the decedent's debts, including his own.

As was well said in Huffman v. Moore's Admr., supra: "Indeed, the right to bring an action such as this is expressly given to a creditor by section 428, Civil Code Prac. And that right is not thereby made conditional upon compliance by the creditor with the

terms prescribed by the statute in order to maintain an action ordinary to recover personal judgment against the administrator or executor. Of course, an action such as this involves a reference to the master commissioner of court to pass upon and report, subject to approval of court, in regard to every claim or demand that may be presented, each of which must be verified, and approved as required by statute before being allowed.'' When appellant's claim against the decedent's estate is presented to the commissioner, it can then be, and should be, verified and proved in the statutory manner.

On account of the error committed by the circuit court in dismissing the action, the judgment is reversed, and cause remanded for further proceedings consistent with the opinion.