## Commonwealth, for the use, et al. v. Filiatreau.

(Decided October 12, 1915.)

### Appeal from Marion Circuit Court.

1. Judgment—Res Judicata—Plea of.—An incidental recitation of fact in an opinion of this court will not sustain a plea of res judicata upon a reversal of the case for further proceedings, where the fact recited was not in issue under the pleadings.

2. Court Commissioner—Report of—Exceptions.—The report of a commissioner charging the defendant with the value of a colt which the defendant claimed was dead, and an exception to the report of the commissioner, sufficiently raised the question of the date of the colt's death, and its value.

H. W. RIVES for appellant.

BEN SPALDING for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.— Reversing.

This action in equity was instituted on November 11, 1912, by the Commonwealth, for the use and benefit of Elizabeth Corbett, to enforce the payment of a judgment which she obtained against her brother-in-law R. O. ("Dick") Filiatreau. The appellee William Filiatreau, who is the father of R. O. Filiatreau, was made a defendant for the purpose of subjecting two mules, three jacks, and two jennets belonging to R. O. Filiatreau, which, it was alleged, he had fraudulently turned over to his father to evade the payment of Elizabeth Corbett's judgment.,

On the original hearing, the circuit court gave judgment in favor of William Filiatreau; but that judgment was reversed upon a former appeal to this court, and the action was remanded with instructions to subject the attached property to the payment of appellant's debt. 161 Ky., 434.

In the former opinion, the court used this language:

"The jennets were taken to the father, two of the jacks are yet remaining at Dick's.

"These animals had been reared by Dick Filiatreau, being the progeny of a jennet which his father had once given him; and how it was that William Filiatreau came to have an interest in them amounting to the whole of their value except two hundred dollars, is left to con-

jecture. One of these jacks appeared to have died prior to the institution of this suit, and the record does not clearly establish the value of the two remaining jacks and the two jennets, but the value of these two jacks and two jennets should be ascertained, and William Filiatreau must either account therefor or surrender the animals for sale herein in satisfaction of the judgment sought to be enforced.''

Upon the return of the case to the circuit court, William Filiatreau surrendered all the property above specified, with the exception of one jack colt, which he said had died before this action was instituted. The commissioner's report, however, charged William Filiatreau with the jack, which he had failed to surrender, and fixed its value at $300.00; but upon exception to the report, and oral evidence heard by the court, the exception was sustained and William Filiatreau exonerated, the court being of opinion that the jack in question had died before this suit was instituted. The plaintiff again appeals.

The only issues upon this appeal relate to the fact of the death of one of the jack colts, and whether it occurred before or after November 11th, 1912.

1. Appellant insists that the language above quoted from the former opinion conclusively charged William Filiatreau with the jack in question, or its value, and that he will not now be permitted to show that the jack was dead at the time the suit was filed. This is, in effect, a plea of *res judicata.*

The statement in the opinion that one jack had died prior to the institution of this action, and that two jacks were then remaining at Dick's, is fully justified by the testimony of William Filiatreau upon the first trial. But, in his behalf, it is now insisted that he was mistaken in saying that two jacks were then living, and that he should be allowed to show the true state of facts—that only one jack was living at the time the suit was instituted.

We do not think the language in the former opinion should be treated as conclusive of a question which was not made an issue upon the first trial.

The issue litigated and decided upon the former appeal was one of fraud, or no fraud, upon the part of R. O. Filiatreau in selling or turning over his stock to his father. No issue was made as to the number of jacks R. O. Filiatreau then had, and the circuit court entered no

judgment subjecting any of the property to the payment of appellant's debt. The language of the opinion incidently followed the testimony of William Filiatreau as to the property he had received from his son.

The issue as to the number of jacks sold by R. O. Filiatreau to his father was first made by the commissioner's report and the exception filed to the report. The report and the exception thereto, made the issues as to the fact and the date of the colt's death, for the first time. While the issues might have been made by pleadings, the report and exception sufficiently raised those questions. Dewhurst v. Shepherd's Exor., 102 Ky., 240.

2.   Upon the return of the case it was competent for William Filiatreau to show the true situation with reference to this property. But we are further of opinion he has failed to show satisfactorily that two of the jacks had died before the institution of this action. As above stated, William Filiatreau testified upon the first trial that two of the jacks were then at his son's farm. William Filiatreau did not, however, testify upon the return of the case, when this issue was made for the first time.

The testimony upon the issue now before us is quite meager, and unsatisfactory. As heretofore stated, this action was filed on November 11th, 1912.

The following four witnesses testified orally before the court:

Felix Murphy said that about August or September, 1912, he dragged a dead jack out of R. O. Filiatreau's barn, but knew nothing about him, or anything about the other jacks on the place.

James McCullom, a neighbor, testified that he saw a dead jack on R. O. Filiatreau's farm in the latter part of the summer of 1912, and from appearances he would say the jack was over two years old, and was of a sorrel, red color, with some gray hairs mixed through it. He further said he saw two jack colts on R. O. Filiatreau's farm, either in the spring of that year, or of the year before.

Alex. Higdon, another farmer, who lived four miles distant, testified that in the latter part of the summer of 1912, he saw a dead jack on R. O. Filiatreau's place, which appeared to be two or three years old.

Mrs. R. O. Filiatreau testified that her husband had three jacks, an old one and two colts; that the old one died in the spring or summer of 1912; that one of the

colts died; and the other one was surrendered and sold to pay plaintiff's judgment. She nowhere undertakes to give the time when the colt died.

Of the witnesses that testified before the commissioner, Rad Murphy said the older jack died, but he did not remember when he died; and, in answer to the question if one of the younger jacks on hand there in the summer of 1912 did not die that year, he answered, "I helped to drag out one—drag one out of the stable about that time, I reckon."

Upon cross-examination, Rad Murphy said that his brother Felix lived with R. O. Filiatreau in 1910, and that the big jack died while Felix lived with R. O. Filiatreau.

Thomas Corbett, a brother-in-law of R. O. Filiatreau, said he had no idea what the three-year-old jack was worth at the time this suit was instituted against William Filiatreau, thereby stating by inference, at least, that the older jack was then alive.

R. O. Filiatreau testified that he sold his father only the two jack colts; that the big or older jack had died a year or two years before this litigation began, thereby contradicting all the other witnesses who said he died in the summer or fall of 1912; and that one of the colts died, although he does not give the date of his death.

Under this testimony it will be seen that the two colts were turned over to William Filiatreau by his son R. O. Filiatreau, and that one of them died, but it has not been shown that he died before the institution of this action, on November 11th, 1912. The burden was upon William Filiatreau to show that fact; and this he failed to do. On the contrary, upon the first trial of the case he said, without equivocation, that two of the jacks were then "at Dick's." This important statement of his deposition has never been retracted, explained, or corrected, in any way.

Under this proof we think the circuit judge erred in finding that one of the jack colts had died before the institution of this action; and that he should have charged William Filiatreau with $300.00, the value of the colt as fixed by the commissioner.

Judgment reversed and cause remanded, with instructions to the chancellor to enter a judgment as above indicated.