## Daugherty v. Flach et al.

### (Decided Oct. 4, 1932.)

BLAKELY & MURPHY for appellant.

JOHN E. SHEPARD and GALVIN & TRACY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

E. H. Daugherty brought this suit against Charles Flach and others, former directors of the Bank of Ludlow, the banking commissioner and his deputy in charge of the bank as liquidating agents, and the Bank of Ludlow itself, to recover for himself and all others similarly situated, the sum of $59,589.12, with interest from July 10, 1926. From a judgment dismissing the petition Daugherty appeals.

Briefly stated, the facts on which liability is predicated are these: In the month of June, 1926, Daugherty was president of the Ludlow Savings Bank and the owner of 165 shares of its capital stock. Flach and others mentioned were the officers and directors of the Bank of Ludlow, and in the month of June, 1926, made a proposal to the officers and stockholders of the Ludlow Savings Bank to purchase certain assets of the savings bank acceptable to them. At the time of the proposal the Ludlow Savings Bank had a capital stock and surplus of $30,000, and deposits of $591,782.56. It was agreed between defendants and the stockholders of the Ludlow Savings Bank that in consideration of the transfer of the assets of the Ludlow Savings Bank to the Bank of Ludlow the Bank of Ludlow would pay the stockholders of the Ludlow Savings Bank the sum of $30,000 for the capital stock and surplus, and the further sum of 5 per cent. of the deposits, or $29,589.12, making the total consideration $59,589.12. This sum was to be paid in cash, or its equivalent, at or as soon thereafter as said assets of the Ludlow Savings Bank could be transferred as provided by law. The defendant bank and its directors audited and accepted the assets of the Ludlow Savings Bank. The assets were delivered to them in the month of July, 1926, and had been in their possession since that date. Neither Daugherty nor any other stockholders had ever been paid any part of the purchase price, though same had been demanded. With gross and wanton carelessness, and without proper knowledge of the banking business, the defendant directors had managed and operated the Bank of Ludlow in paying large and unnecessary sums for salaries and banking equipment, and had caused the assets of said bank to depreciate and become worthless, by reason of which all the stockholders have suf-

fered great and irreparable loss. At the time of the alleged purchase of the assets of the Ludlow Savings Bank the combined resources of the Bank of Ludlow, including the assets of the Ludlow Savings Bank, were more than $1,000,000; that by reason of the mismanagement and gross incompetence of the defendant directors, the Bank of Ludlow failed and was placed in the hands of the banking commissioner in the year 1931 for liquidation. At the time of its failure the Bank of Ludlow was and is now insolvent. All the stockholders of the Ludlow Savings Bank are similarly situated with the plaintiff. Their number is large, and it will be impracticable to bring all of them before the court. Plaintiff is informed that all the assets of the Ludlow Savings Bank were legally transferred to the defendant Bank of Ludlow, but the bank, through its liquidating agent, has refused to permit plaintiff to examine its minute books for the purpose of ascertaining whether said transfer was legally completed, and now alleges that if said transfer was not legally completed to the Bank of Ludlow, the assets of the Ludlow Savings Bank were turned over to and came in possession of the said directors as individuals, in which event the defendant directors are personally liable to plaintiff and all other stockholders similarly situated in the sum of $59,589.12. The petition concludes with a prayer for an order authorizing plaintiff to prosecute the action in behalf of all the stockholders of the Ludlow Savings Bank, and for judgment in the sum of $59,589.12.

A motion by the defendants to require plaintiff to elect whether he would proceed against the defendant directors or the banking commissioner and his deputy was overruled. The general demurrers interposed by the defendant directors and by the banking commissioner and his deputy were also overruled.

The Bank of Ludlow and its liquidating agents, and the directors of the bank, filed separate answers denying specifically each and every allegation of the petition. In addition to its traverse, the bank and liquidating agents in the second paragraph of the answer set out a written agreement between the Ludlow Savings Bank and the Bank of Ludlow, and alleged that any taking over of the assets by the Bank of Ludlow was under and pursuant to that agreement, and not pursuant to the agreement alleged in the petition, or any other agreement. The answer also contained

other defenses not necessary to be set out. The affirmative matter in the answers was denied by reply.

When the case was called the following judgment was rendered:

> "This cause coming on to be heard and being called for trial, the parties announcing ready, the plaintiff declined to offer any evidence and moved the Court to submit the cause for judgment upon the pleadings and exhibts. Said cause was submitted.

> "And the Court being advised, does order and adjudge that the Plaintiff's petition be dismissed at the Plaintiff's costs, to which the Plaintiff excepts and prays an appeal to the Court of Appeals, which is granted."

Under our Code the party holding the affirmative of an issue must produce the evidence to prove it, section 525, Civil Code of Practice, and the burthen of proof in the whole action lies on the party who would be defeated if no evidence were given on either side. Section 526, Civil Code of Practice. If this were a case where the defendants admitted in their answer the facts pleaded in the petition, or admitted them on the calling of the case, and relied solely on the affirmative defense set up in the answers, it would have been proper for the court to put the burden of proof on the defendants, Pioneer Coal Co. v. Asher, 237 Ky. 254, 35 S. W. (2d) 285, but no such case is presented. Every allegation of the petition was specifically denied, and the affirmative defense set up in the answer of the bank and its liquidating agent did not disclose any liability whatever on the part of the defendants. In the circumstances it was incumbent on plaintiff to introduce evidence supporting his cause of action, and having failed to do so the petition was properly dismissed.

Judgment affirmed.