## First National Bank of Prestonsburg et al. v. Sellards.

(Decided May 25, 1934.)

A. B. COMBS and EDWARD P. HILL, Jr., for appellants.
:EDWARD L. ALLEN, A. J. MAY, and B. M. JAMES for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

W. B. Westbrook died testate in the fall of 1929, a citizen and resident of Floyd county, Ky. By his will, John D. Westbrook, his brother, was nominated as executor and directed that he should first pay the decedent's just debts and that all his property thereafter remaining was devised to his sisters, Lucy A. and Amanda O. Westbrook.

Thereafter, the will having been probated and the executor having qualified, suit was filed by the appellant bank to settle the decedent's estate and, as a creditor, to recover judgment against its said executor and co-defendants, Ed Hill and Maggie Sellards, as indorsers upon a note alleged to have been executed June 27, 1929, in the sum of $600 by the decedent, payable to himself at the appellant bank four months after date, and which was indorsed by the said defendants as accommodation indorsers.

The bank alleged that it was the owner of this note, which had, before its maturity, been discounted to it for a valuable consideration, and that the decedent had died leaving it unpaid.

The appellee, Maggie Sellards (defendant below), filed her answer and cross-petition, wherein she admitted decedent's execution and discount of the said note to the bank and her liability thereon, upon its default in payment, as an accommodation indorser. Further, she alleged that, in addition to the liability of the decedent's estate to her as surety on the note, decedent was further indebted to her for a balance owing upon a building contract by reason of his breach thereof, to her loss and damage, in the sum of $8,851.56 and interest. The appellee, in addition to so pleading her claim, also filed demand and verified proof of the claim with the master commissioner of the court, as directed by order of reference to him.

The executor under the will, J. D. Westbrook, having died, B. F. Combs was appointed administrator with the will annexed and the cause revived. Thereafter the appellee filed a duly verified amended answer and cross-petition, wherein she set out with detailed particularity an itemized statement of her account growing out of the alleged breach of the building contract had with the decedent, W. B. Westbrook, and recited the facts and circumstances of defendant's breach of the contract, as a result of which she was required to pay for the decedent.

for labor and materials sold him for use in the contracted construction work the amount of $8,851.56, and filed therewith the itemized statement of the account pleaded, showing all payments and credits thereon to which the decedent was entitled and that the stated and claimed balance of $8,851.56 was owing her thereon.

To this duly verified answer and cross-petition the appellants filed reply, whereby each and all of the averments of indebtedness were specifically denied and traversed.

Further, it appears by the record that an order was entered in the case whereby the court directed that, because of a controversy having arisen over the validity of one or more of the claims against the estate filed with the master commissioner, he should hear such proof of the parties as they might wish to introduce in connection therewith in the form of depositions taken before him or otherwise and filed with him, and to such end the parties were given until the first day of the following June term in which to complete their evidence, when the commissioner was directed to file his report with all the evidence taken attached thereto.

At such term the commissioner made report of claims filed with him under this order of reference and his taking of proof as to same. As to the "claim of the appellee, Maggie Sellards, for the balance due her on settlement for building contract in the sum of $8,851.56," he reported that "there were some pleadings filed in opposition to the claim but that the parties filing them had failed, after being given notice to produce any proof they had, to file such proof and stated they had nothing at the time to offer"; that "the petition of Maggie Sellards presented an itemized statement of the items making the same, sworn to by Maggie Sellards and proven by the affidavit of Joe M. Davidson, which stated that he kept the books and that the account was correct"—from which he found the claim was properly proven and recommended its allowance.

Exceptions to the allowance of this claim by the commissioner were filed upon the grounds: (1) That the statement of the account, the alleged proof of claim thereon and the affidavits of the appellee and her supporting witness were each and all insufficient as a demand and proof of the claim; (2) that the alleged proof did not disclose of what the account consisted, nor the evi-

dence supporting it, nor the amounts paid thereon, nor the set-offs and discounts against it; and (3) that the claim was false, unjust, and untrue and should not have been allowed.

Upon the submission of the cause for judgment upon the exceptions of the administrator and certain creditors to the commissioner's report, the court adjudged that the report be sustained in toto and that the exceptions thereto be overruled.

From such judgment this appeal is prosecuted, seeking a reversal of it upon the grounds: (1) That the verification as made of the appellee's claim was insufficient; (2) because a sufficient verification of a claim against decedent's estate is mandatory and cannot be waived; and (3) because the averments of appellee's answer and cross-petition having been denied and issue joined thereon, she—having introduced no proof in support thereof—was not entitled to an allowance of her claim.

We will now turn our attention to the first of the objections criticising the verification of appellee's claim as insufficient.

Without entering upon an elaborate discussion of this point, it is sufficient here to say that, while it is provided and directed by sections 3870, 3871, and 3872 of the Statutes how all demands against the estate of a decedent should be verified by the written affidavit of a claimant, stating that the demand is just, and has never to his knowledge or belief been paid, and that there is no off-set or discount against the same or any usury therein; that, if the demand be other than an obligation signed by the decedent or a judgment, it should also be verified by a person other than the claimant who should state in his supporting affidavit that he believes the claim to be just and correct and give the reasons why he so believes, and that such verification should not be held to dispense with other proof of the demand as required by law, the appellee's proof of claim as here made and filed with the commissioner only recited that her claim against the estate for the sum of $8,851.56 was for a balance due on account from decedent and that the same was just and due and that there was no interest or usury embraced therein nor any set-off or discount against the same and that the same was wholly unpaid. It did not recite the items of debits and credits.

showing such balance was due upon this account nor the transaction or contract out of which it arose. However, a full and itemized statement of the account and the contract, alleged breached, out of which it arose, was set out in full detail in the claimant's amended answer and cross-petition, duly verified by her, and which we are of the opinion constituted a sufficient compliance with the statutory requirement for verification of her claim.

As was said by the court in the case of Johnson's Adm'r v. Pigg, 242 Ky. 631, 47 S. W. (2d) 63, 64:

"The purpose of the affidavit is to advise the administrator that the claim is just and proper, and it was hardly necessary to file it after issue had been joined by the parties on the merits of the claim. The burden was upon the claimant to prove his claim. But notwithstanding these facts another proof of claim was filed conforming literally to the requirement of the statutes. Thereafter the court heard evidence and rendered judgment, and there can be no doubt that the demands of the law were satisfied. E. L. Martin & Co. v. Davis' Adm'r, 226 Ky. 722, 11 S. W. (2d) 912; Wallace & Tiernan Co. v. Davis, 227 Ky. 71, 11 S. W. (2d) 990."

Dewhurst v. Shepherd's Ex'r, 102 Ky. 239, 43 S. W. 253, 19 Ky. Law Rep. 1260; Beddow v. Wilson, 90 S. W. 228, 28 Ky. Law Rep. 661.

Also the affidavit of Joe Davidson, given in support of appellee's claim and filed with the commissioner, recited as his reason for believing the claim correct that he was the cashier of the bank where both the decedent, W. B. Westbrook, and the claimant (here the appellee) kept their checking accounts, and that he had access to their books or accounts during the period covered by the account, and that by reason of such connection with the bank he was familiar with their transactions and believed the claim of the appellee to be just and correct.

We are of the opinion that the criticism made of this supporting affidavit is not meritorious in that the affiant here reasonably complied with the requirement of the statutes requiring that the supporting witness should state his reasons for believing the claim to be just and correct. In accord with this our conclusion that there was here a sufficient verification of plaintiff's claim

made by pleading and proof, see the cases of Sherley v. Sherley, 17 S. W. 628, 13 Ky. Law Rep. 565, and Galloway's Adm'r v. Galloway, 70 S. W. 48, 24 Ky. Law Rep. 857.

However, appellant's next contention requires a more serious consideration. In support of this objection it is contended and argued that appellee's answer and cross-petition having been denied and the validity of her claim thereby put in issue, she was not entitled to a judgment thereon without having first introduced evidence in its support to satisfy the burden of its proof then resting on her, the rule being, as provided by section 525 of the Civil Code of Practice, that the party holding the affirmative of an issue must produce the evidence to prove it. Thompson v. Eversole, 162 Ky. 836, 173 S. W. 165; Daugherty v. Flach, 245 Ky. 178, 53 S. W. (2d) 340. As to this it must be conceded that whether the verification of appellee's claim against decedent's estate is made by sufficiently setting it out in her verified petition, as required by the statute, or whether the verification of her claim is made by affidavits of claimant and supporting witness when filing it with a commissioner, in either event, if the claim is denied by a traverse of the allegations of the petition or by exceptions made to the commissioner's allowance of the claim with the grounds therefor, the prima facie presumption arising upon either form of verification that the claim is just and proper is overcome and lost when such presumed validity is, by denial or exception, put in issue. The presumption in favor of the validity of the claim being thus removed upon issue joined as to such fact, it then devolved upon the claimant to prove her claim by introducing evidence in its support. Daugherty v. Flach, supra.

In the instant case such a situation having arisen through the administrator and other creditors having by their reply expressly traversed the allegations of claimant's cross-petition, as well as by their exceptions filed to the commissioner's allowance of the claim, and thus put in issue the question of the claim's validity, the cause was referred to the commissioner for the express purpose of taking proof of the parties to determine such issue upon the merit of the claim. Having been directed to hear such proof, we are of the opinion that the commissioner erred in holding that the claim was, when only verified, proven, because of the appellant's failure to

introduce evidence in support of their denial that it was a valid claim and owing as stated in his report. It may well be that such error on the part of the commissioner, which, uncorrected, was carried into the judgment of the court when it sustained the report, may here have well served to mislead the claimant and cause her to rest upon the erroneous belief that her claim was adequately established only by the verification made of it and that the introduction of evidence in support of her claim was by such ruling of the commissioner and court uncalled for and dispensed with. However, the provision of the statute requiring verification of accounts against a decedent's estate expressly provides that such verification shall not be held to dispense with other proof of the demand as required by law. Also section 547 of the Civil Code of Practice declares the purposes for which an affidavit may be used and which does not include its use for the purpose of evidence. Further, in the case of Cottrell v. Barnes' Adm'r, 90 S. W. 1048, 28 Ky. Law Rep. 1014, the court said:

"We will add, however, that though the affidavits were sufficient under the statute to make out a prima facie case, where no issue had been joined on the merits of the claim, where issue is joined, only proof by depositions can be heard on the final trial. The affidavits simply make out a prima facie case where the claim is not controverted. But, where the claim is controverted, the burden of proof rests on the claimant to make out his case against the estate of a dead person just as he would have to make it out against a living person under similar pleadings."

Here the claim was controverted both by the appellants' reply expressly controverting each and all the allegations of the appellee's cross-petition setting out her claim and also by the exceptions filed to the commissioner's report allowing the claim filed, setting out their grounds therefor. Under these circumstances, we are constrained to conclude that the learned chancellor erred in sustaining the commissioner's allowance of appellee's thus controverted claim without her having introduced any evidence in its support after the question of its validity was by its denial put in issue.

In view of the likely misleading circumstances under which this situation has been brought about and appel-

lee left in the position, perhaps induced thereby, of having here no evidence in support of the denied validity of her claim, we are of the opinion that, while the judgment of the learned chancellor must be reversed because of its error in approving the commissioner's allowance of appellee's unproven claim, the cause is remanded, with instructions that it be referred back to the master commissioner with the direction that he be again authorized to hear such proof of the parties as they desire to introduce in support of their positions with reference to the claim, when same shall be upon his later report, with the evidence heard attached, determined upon its merits or, failing the introduction of evidence in support of the claim, that judgment be entered disallowing it.