JUDGE PETERS
delivered the opinion oe tm court:
The personal representative of John A. Watkins, deceased, brought this action in ordinary against appellants, on a demand alleged to be owing by them to their intestate.
Besides other defenses, appellants pleaded several* matters of set-off in the third, fourth, and fifth paragraphs of their answer, all of which, on motion of appellee, the circuit court ordered to be stricken out, *643 and the causes of set-off dismissed. Of which rulings appellants complain, and seek a reversal.
The claims pleaded as sets-off were verified by the affidavit of appellant, and proved; but no demand was made for their payment of the personal representative before they were pleaded in the action, and they were dismissed for want of such demand.
While the language of section 473, Civil Code, is imperative,that no suit shall be brought against a personal representative until after demand is made of him, accompanied with the affidaAÚt required. And the enactment in itself is provident and beneficial in reaching the conscience of the claimant as to the justness of the debt, its freedom from usury, and other legal reasons for its non-payment, and in furnishing to the personal representative a sufficient voucher without incurring costs in useless litigation.
These reasons for requiring the demand do not apply when the personal representative has himself commenced the litigation, w’hich necessarily involves the expenditure of money in costs, and he will have the judgment of the court as the evidence of the result. But it is contended that an answer in which a set-off is pleaded must contain a statement of facts sufficient to uphold a petition for the same cause of action; and, therefore, it is a suit or action, and to sustain it, the demand must be shown. The conclusion might follow if the postulate were true. It is neither in the common nor legal acceptation of the word a “suit" or action; no process is issued against or required to be served on the plaintiff; and, besides, it is in the Civil Code treated as a defense to an action treated of under the head of answer, and is allowed to defeat a suit. According to the letter of section 473, supra, therefore, a demand is *644 not required, nor does its object require a demand before the set-off can be set up in an answer.
Wherefore, the judgment is reversed, and the cause is remanded, with directions to overrule the motion to strike out paragraphs numbers three, four, and five of the answer, and dismiss the set-off, and for further proceedings consistent herewith.