JUDGE COFER
delivered the opinion of the court.
1. There was a joint cause of action against Miller and the administrator of "Worthley, and the appellee was a competent witness; the rule being that if one who is a party to a suit be called as a witness for himself and his co-parties, he will be competent unless all the adverse parties are persons against whom he could not testify if they were sued singly. Here the appellee would have been a competent witness against *512 Miller if the action had been against him alone, except as to transactions, declarations, and conversations between the appellee and Worthley; and the action being against both Miller and the administrator, they both constitute but one party, and he was a competent witness against both.
But if this were otherwise, he was clearly competent to prove some of the facts to which he testified; and as the motion was first to reject him entirely as a witness, and afterward to exclude his whole testimony, there was no error in overruling the motion.
2. It was not necessary that the appellee should allege a mistake in measuring the corn; and if it had been, the appellants, by denying that there was a mistake, cured the defect in the petition.
3. Although the rule is, that all ambiguities and uncertainties in pleading will be construed against the pleader before verdict, yet after verdict pleadings will be liberally construed to uphold it; and while we might not have held before verdict that the appellee was entitled on the face of his petition to interest except from January 1,-1873, we will regard the petition after verdict as reading “ from about the 1st of January, 1872,” instead of “about,the year 1872.”
4. The testimony of the appellee and Hoskins as to the contents of Reid’s letter was incompetent; but it was not objected to. The appellants allowed it to go to the jury, and then moved to exclude all the testimony of both witnesses; a part of the testimony of each was competent, and therefore motions to exclude the whole were properly overruled.
5. The appellee stated the difference between the measurement by Reid and that by Hoskins at thirty-two barrels, and Hoskins stated it was only twenty-two; but it was for the jury to fix the quantity from all the testimony, and as they found more than the quantity stated by one, and less than the quantity stated by the other, we can not say there was no evi *513 denee warranting the finding, or that it was palpably against the evidence; and besides, the dimensions of the crib were given to the jury, and they may have calculated the quantity for themselves.
But the court erred in rendering judgment on the verdict against Worthley’s administrator without the affidavit required by section 35, article 2, chapter 39, General Statutes. The suit was brought in the lifetime of "Worthley, and no demand of payment was necessary, or if necessary, it was waived; but no judgment should have been rendered without the affidavit. (Sections 37, 39, article 2, chapter 39, supra.)
There was no error to the appellants’ prejudice in the instructions. But for the error indicated, the judgment is reversed as to "Worthley’s administrator, and the cause is remanded with directions to set it aside as to him, and re-enter it upon the necessary affidavit being made; but subject to any credits, off-sets, or discounts disclosed in the affidavit, and if no such affidavit be filed within a reasonable time, to set aside the verdict and dismiss the action as to the administrator.
The judgment is affirmed as to Miller.