CASE 92—EQUITY—SEPTEMBER 17, 1881.

# Grey's ex'r v. Lewis, &c.

79   453
101  291
79   453
f135  436

APPEAL FROM HICKMAN COURT OF COMMON PLEAS.

1. When an action has been filed by a personal representative to settle an estate under chapter 3, title 10, Civil Code, it is in the sound discretion of the chancellor to prescribe the time within which creditors may present their demands, proved and verified according to law.

2. The object of the legislature is not to discriminate against non-resident creditors, but to facilitate the settlement and disposal of estates of persons not resident at the time of their death.

3. The limitation of two years is the period within which the personal representative is required to dispose of such estates. But while assets remain in his hands creditors elsewhere, as well as in Kentucky, may, even after two years, prove and demand their claims against the estate.

BULLOCK & BULLOCK for appellants.

1. Story, in his Conflict of Laws, section 534, says that it is better that we serve and protect the rights of our own citizens than the rights of others.

2. We insist the foreign creditors must literally comply with the statute, or else they cannot be admitted to prove their demands. (Sec. 8, art. 2, chap. 39, Gen. Stat.)

MOSS & RAY for appellees.

1. The court committed no error in exercising its discretion in permitting the claims of foreign creditors to be filed and allowed. (Sec. 8, art. 2, chap. 39, Gen. Stat.)

2. The reason and spirit of the provision are to fairly settle the estates of non-residents who die seized of property in this state, and pay it, equally to all the creditors, regardless of where they may reside.

CHIEF JUSTICE LEWIS delivered the opinion of the court.

The facts in this case, by agreement stated in the judgment rendered, are as follows: In 1875 Ben. E.. Grey, a resident of the state of Alabama, died there testate, and May 5, 1875, John P. Grey qualified in Hickman county, Kentucky, as his executor.

The executor has made no settlement with the county court nor distributed, removed from the state, or paid to creditors, any part of the estate. In fact, the personal assets, if any at all, are inconsiderable. But on the — day of May, 1877, he filed in the Hickman court of common pleas a petition in equity for a settlement of the estate as provided in chapter 3, title 10, Civil Code.

The appellees, who are creditors, and residents of Alabama, proved and demanded their debts here within two years from the date the executor qualified. They were afterwards filed with the commissioner of the common pleas:

court, and by him allowed, and reported to court as valid demands against the estate. But not being verified in the manner required by law, exceptions to them were sustained. Subsequently, though not within two years from the date of qualification by the executor, they were properly verified, and again allowed and reported to court by the commissioner.

The creditors who are residents of this state contested the right of the Alabama creditors to payment of any part of their debts out of the estate here. But the court below rendered judgment for a sale of the real property of decedent, and the payment of the balance left of the proceeds thereof, after satisfying certain preferred claims, to the general creditors, without preference, *pro rata.* But the amounts which the Alabama creditors have received or can receive from the assets and estate in Alabama are to be deducted from their respective debts; the several amounts to be so deducted being fixed by the judgment.

From that judgment the executor, the Kentucky creditors, and Lucy Kendall and Nannie Perkins, to whom the land adjudged to be sold was devised, have appealed to this court, and assign the following errors:

1st. "The court erred in allowing the Alabama creditors to pro rate the proceeds of the land sold with the Kentucky creditors, and decreeing a sale of land to pay Alabama claims."

2d. "The court erred in allowing the Alabama claims, when the same had not been presented to the executor within two years, properly proven against said estate."

The two errors complained of are virtually the same, and involve practically but one question.

In support of their views, appellants rely upon section 8, article 2, chapter 39, General Statutes, which is as follows: "If such person's (non-resident) estate found in this commonwealth shall be insufficient to pay the creditors here, it shall be disposed of, without preference, *pro rata* among the creditors here, and such of those elsewhere as prove and demand their debts here within two years after the appointment of a personal representative. But there must be deducted from such foreign debts the amounts received or which can be received by the foreign creditor from assets and estate not in this commonwealth; and if the foreign assets and estate be sufficient to pay all the foreign debts, then no part of them shall be allowed or paid here."

The section quoted does not apply when an action in equity is brought to settle insolvent estates and sell real property to pay debts. Neither is the construction put upon it by appellant's counsel the proper one.

If the personal representative has not assets in his hands with which to pay debts against the estate, there is no necessity for creditors to present their demands to him for payment. After the action to settle the estate is commenced, it is in the sound discretion of the chancellor to prescribe the time within which creditors may present their demands proved and verified according to law, and the question of their validity is subject to his decision.

There is nothing in this case showing an abuse of discretion in permitting the debts of the Alabama creditors to be proved and filed with the commissioner; nor does it appear they have received or can receive from the assets and estate in Alabama any greater sums than they are charged with in the judgment. The justice of their demands is not denied.

The object of the legislature was not, by that section, to discriminate against non-resident creditors, but to facilitate prompt settlement and disposal of estates of persons non-resident at the time of their death that may be in the hands of personal representatives in this state.

The limit of two years mentioned is the period within which personal representatives are required to dispose of such estates, and may do so without incurring liability to either Kentucky or foreign creditors who have failed to prove and demand their debts of him.

But while assets remain in his hands undisposed of, creditors elsewhere, as well as here, may, even after the expiration of two years from the time he qualifies, prove and demand their debts.   So, even if the section referred to applied to this case, the Alabama creditors would not be precluded.

Wherefore, the judgment is affirmed.