CASE 49—PETITION EQUITY—MAY 20.

## Huffman v. Moore's Administrator.

APPEAL FROM HARRISON CIRCUIT COURT.

1. DECEDENT'S ESTATE—VERIFICATION OF CLAIMS—DEMAND—The object of the statute in reference to the verification of claims against decedent's estates is to offer ample safe-guard against collection or recovery of unjust or fraudulent claims from the estate; and the particular reason for requiring the claimant before bringing an action on his claim, to make demand of payment, is to offer the personal representative an opportunity to pay without costs. But if the estate be insolvent, and the personal representative has no assets in his hands, there is no use or necessity of presentation of claim accompanied by the affidavit; and an action brought by a creditor to settle an insolvent estate, when the personal representative had failed to do so, was improperly dismissed, on the ground that the affidavit filed with the petition failed to expressly and formally comply with the requirements of the statute, and because there had been no demand.

BLANTON & BERRY FOR APPELLANT.

1. The court erred in dismissing the petition for want of proper verification. This can only be done after the issual of rule against the plaintiff to show cause, &c. Harris v. Ray, 15 B. M., 630; Wheeler v. Wales, 3 Bush, 225.

2. A motion for a rule based upon an answer filed, or an affidavit filed, is the proper way to raise the question as to the sufficiency of the affidavit and proof of claim against the decedent's estate. Thomas' Ex'r. v. Thomas, 15 B. M., 185; Nutall v. Bannon's Ex'r., 5. Bush, 11.

3. The suit was in effect one to settle an insolvent estate which was to be referred to the master commissioner with an order to settle the claims; under such circumstances no affidavit proof or demand is necessary. Fox v. Apperson's Ex'r., 6 Bush, 653.

4. The affidavit of the witness that he knows the services were rendered as set out in the account, that the prices charged therein are just, customary, and reasonable, is all the additional proof necessary under section 3870, of the Kentucky Statutes.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant having a demand for medicines furnished and medical services rendered to Jarrett Moore, amounting to $192, less $6.50 paid, brought this action in equity against appellees John Moore, administrator of his estate, and John Moore, James Moore and Alice Wilson, heirs at law.

He states in his petition decedent left no personal property with which to pay debts; and that the administrator has never made a settlement of his transactions as such, but that Jarrett Moore owned and was in possession at the time of his death of a certain tract of land, identified and described in the petition. The relief prayed for by appellant is judgment for his debt; reference of the action to master commissioner of court to hear proof and settle the estate; and sale of the land and application of proceeds to payment of appellant's debt and all equitable relief. Accompanying the

petition is an affidavit of appellant that his claim is just, due and unpaid, and is not subject to any off set or discount except a credit of $6.50, and that no usury is contained therein.

There was also filed affidavit of another person, in substance that he knew said medicines were furnished and services were rendered, and that the prices charged in the account of appellant are just, customary and reasonable. Nevertheless motion was made to dismiss the action for want of proper verification, and this is an appeal from the judgment sustaining it.

The statute provides that all demands against the estate of a decedent shall be verified by written affidavit of the claimant and also of another person; and, furthermore, that before an action shall be brought or recovery had on such demand the required affidavits shall be made.

It may be that the affidavits in question do not conform literally to the statute, and, besides, it does not appear that prior to commencement of the action demand of payment was made of the personal representative. But it does not seem to us dismissal of an action of the nature of this was intended to necessarily result from such omissions.

The prime object of the statute is to afford ample safeguard against collection or recovery of unjust or fraudulent claims against the estate of decedent, and the particular reason for requiring each claimant, before bringing an action on his claim, to make demand of payment, accompanied by the prescribed affidavits, is to afford the personal representative an opportunity to pay without cost of suit and at the same time have a legal voucher of such payment. (Howard v. Leaville, 10 Bush, 481.)

Huffman v. Moore's Administrator.

But if an estate be insolvent and the personal representative has no assets in his hand with which to pay claims, there is no reason or necessity for creditors to present their claims, accompanied by affidavit, to him. (Gray v. Lewis, 79 Ky., 453.)

So although the statute in terms provides that the prescribed affidavits shall accompany each action against the personal representative of a decedent, failure to precisely and formally comply with that requirement was not intended to be cause for dismissing outright an action brought by a creditor to settle an estate that is insolvent, especially when the personal representative has failed to do so. Indeed the right to bring an action such as this is expressly given to a creditor by section 428, Civil Code. And that right is not thereby made conditional upon compliance by the creditor with the terms prescribed by statute in order to maintain an action ordinary to recover personal judgment against the administrator or executor. For of course an action such as this involves a reference to the master commissioner of court to pass upon and report, subject to approval of court, in regard to every claim or demand that may be presented, each of which must be verified and proved as required by statute before being allowed.

In our opinion it was error to dismiss the action of appellant at the time and for the cause it was done, and the judgment is reversed for further proceedings consistent with this opinion.