CASE 91.—ACTION BY PATSY HILL'S ADMINISTRATOR
AGAINST WILLIAM GRIZZARD AND OTHERS.—
May 13, 1909.

## Hill's Admr. v. Grizzard, &c.

Appeal from Madison Circuit Court.

J. M. Benton, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Descent and Distribution—Debt of Decedent—Action Against
   Heirs—Necessity for Demand.—Ky. St. 1909, Sec. 3870, re-
   quires all demands against an estate to be verified by affidavit
   by the claimant or his representative. Section 3872 provides
   that before the affidavit is made no action shall be brought or
   recovery had on any such demand nor until demand of pay-
   ment thereof has been made of the personal representative.
   Section 3874 provides that no demand against a decedent's
   estate which is not verified by affidavit shall be paid by his
   personal representative or allowed as a credit by a commis-
   sioner or court.  Held, that the provisions which are part
   of the chapter on personal representatives do not apply where
   no personal representative has been appointed, and an action
   is brought against decedent's heirs for a claim against him,
   in which case no demand is necessary, nor need the claim
   be verified before suit, but it is sufficient if it be verified be-
   fore judgment.
2. Descent and Distribution—Debt of Decedent—Action Against
   Heirs.—Under the express provisions of Ky. St. 1909, Sec.
   2089, heirs may be sued in equity for any liability of their de-
   cedent.
3. Lost Instruments—Action on Lost Note—Statutory Provis-
   ions—"Instrument Transferable by Delivery Merely."—Civil
   Code Prac. Sec. 7, provides that no action shall be brought
   upon an instrument transferable by delivery merely which is
   alleged to be lost, without a previous tender by plaintiff to
   defendant if his name and place of residence be known to
   plaintiff, of an indemnifying bond, etc.  Held, that "instru-
   ments transferable by delivery merely" means bills of ex-
   change or negotiable paper which the holder takes free of
   defenses good between the original parties, and does not em-
   brace a note secured by mortgage, which under the law in
   force at the time was taken by a holder subject to all de-
   fenses that the maker had against it before notice of the as-
   signment.

J. C. & D. M. CHENAULT for appellant.

Hill's Admr. v. Grizzard, &c.

AUTHORITIES CITED.

Ky. Statutes, Sections 3870-3872; Howard v. Leavell, 10 Bush 481; Tipton's Adm'r v. Richardson, 21 Ky. L. R. 1195; Ward v. Rhorer's Adm'r, 21 Ky. L. R. 1086.

W. S. MOBERLY for appellee.

AUTHORITIES CITED.

Ky. Statutes, Sec. 3872; Perry v. Seitz, 2 Duvall 123; Johnson v. Belt, 4 Bush 405; Cockrell and others v. Mize, 11 Ky. L. R. 637 (12 S. W. 1040); Usher's Executor v. Flood, 12 Ky. L. R. 721 (17 S. W. 132); Civil Code, Sec. 7.

OPINION OF THE COURT BY JUDGE HOBSON.—Reversing.

On June 14, 1895, J. S. Grizzard executed to Elby Hill a note for $500 and a mortgage on a tract of land to secure it. Elby Hill assigned the note to Patsy Hill. She died, and John W. Moore was appointed as her administrator. J. S. Grizzard died leaving no personal property, and there was no administration upon his estate. On December 30, 1908, Moore, as the administrator of Patsy Hill, brought this suit against the children of J. S. Grizzard, alleging these facts and praying a sale of the land for the satisfaction of the debt which he alleged was wholly unpaid. He also alleged that the note was lost and for that reason could not be filed with the petition. The defendants appeared and entered a motion to dismiss the action on the ground that no demand had been made for the payment of the note before the action was brought, that the claim was not verified as required by law, and that an indemnifying bond as required by section 7 of the Civil Code of Practice had not been executed. The court dismissed the action on the ground that the claim had not been verified, refusing to allow the plaintiff to verify the claim. The plaintiff appeals.

Section 3870, Ky. St., requires that all demands against the estate of a decedent shall be verified by the written affidavit of the claimant or by his representative, stating that the demand is just, and has never to his knowledge or belief been paid, and that there is no offset or discount against it or usury in it. Section 3872, Ky. St. is in these words: ''Before such affidavit is made, no action shall be brought or recovery had on any such demand, nor until demand of payment thereof has been made of the personal representative, accompanied by the required affidavit.'' Section 3874, Ky. St., is also as follows: ''No demand against a decedent's estate shall be paid by his personal representative or allowed as a credit by any commissioner or court, which is not verified by affidavit as required herein.'' These provisions are a part of the chapter on personal representatives, and it has been held that where there is no personal representative, or the suit is brought for a settlement of the estate by a creditor, the demand of the personal representative is unnecessary. Gay v. Louisville, 93 Ky. 349, 20 S. W. 266, 14 R. 327; Huffman v. Moore's Adm'r, 101 Ky. 288, 41 S. W. 292, 19 R. 461. In such cases it is held that the claim must be verified before judgment. Isom v. Holcomb (Ky.) 110 S. W. 249; Albertson v. Prewitt (Ky.) 49 S. W. 196, 29 R. 1309. Section 2089, Ky. St., is as follows: ''The heir or devisee may be sued in equity for any liability of the decedent or testator, and the creditor, may also, in such suit, if demanded, obtain by the proper procedure a lien on any specified property descended or devised not theretofore aliened, but not so as to prejudice thereby any other creditor.'' Under this statute the heirs of J. S. Griz-

zard may be sued in equity for any liability of the decedent. There being no personal representative, no demand before the suit was brought was necessary. Before a judgment may be entered, the demand must be verified; but the verification of the demand is not necessary before suit may be brought against the heir. Section 3872, Ky. St., does not apply where there is no personal representation, and where the action is brought alone against the heir. The circuit court, therefore erred in dismissing the action for want of verification and in refusing to allow the plaintiff to verify his claim.

Section 7 of the Civil Code of Practice is as follows: "An ordinary or equitable action may be brought upon a bill of exchange, or a note or other obligation, or upon an endorsement or assignment thereof, which, or upon a judgment the record of which, is lost, destroyed, mutilated, or defaced, without fraud on the part of the plaintiff, or of those under whom he claims. But no action shall be brought upon an instrument transferable by delivery, merely, which is alleged to be lost, destroyed, mutilated or defaced, without a previous tender by the plaintiff to the defendant, if his name and place of residence be known to the plaintiff, of an indemnifying bond, with good surety; nor shall judgment be given against the defendant, in such action, until such bond is given, with good surety approved by the court." The note set up in the petition is not an instrument transferable by delivery merely. Such instruments within the meaning of the statute are those such as bills of exchange or negotiable paper which the holder takes free of defenses good between the original parties. The note sued on is not of that character, as under

the law in force at that time the holder of it would take it subject to all defenses that the maker had against it before notice of the assignment.

Judgment reversed, and cause remanded for further proceedings consistent herewith.