## Maynard, et al. v. Maynard.

(Decided December 11, 1917.)

### Appeal from Pike Circuit Court.

1. Evidence—Self-Serving Declarations—Admissibility.—In an action under section 2089, Kentucky Statutes, by the widow against the heirs of a decedent to establish and enforce a lien claim upon real estate descended to them, statements of the decedent, not in the presence of the wife, that he was out of debt and paid with his own money the purchase money lien notes, which the widow alleged were assigned and delivered to her to secure payment of the money loaned by her to her husband for their payment, were incompetent as self-serving declarations.

2.  Appeal and Error—Finding of Chancellor.—Where, upon a consideration of the evidence, there is a preponderance in favor of the finding of the chancellor, this court is not authorized to disturb such finding upon appeal.

3.  Executors and Administrators—Proof of Claim and Demand.—In such action, under section 2089, Kentucky Statutes, no demand upon the personal representative of the decedent for payment is necessary; but, before the claim may be allowed by the commissioner or a judgment rendered thereon, it should be verified as required by section 3874, Kentucky Statutes.

4.  Appeal and Error—Executors and Administrators—Proof of Claim—Estoppel.—In such action, where a party fails in the trial court to take the steps necessary to secure a verification of a claim against a decedent's estate, as required by section 3874, Kentucky Statutes, he is estopped on appeal to complain that such demand was not so verified.

5.  Executors and Administrators—Proof of Claim—Practice—Waiver.—The proper procedure to secure verification of a demand against a decedent's estate, sued on, is to move for a rule to require verification of the claim; and the right to require such verification is waived by filing a demurrer to the pleading in which the demand is asserted, or by pleading to the merits of the claim.

CLINE & STEELE, J. D. KASH, W. K. STEELE and J. S. CLINE for appellants.

MAY & MAY and S. M. CECIL for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Thomas V. Maynard died intestate, a resident of Pike county, the owner and in possession of a tract of land worth about $6,000.00. He left surviving him, as his only heirs, his widow, Anna Maynard, the appellee, and two brothers and two sisters, the appellants. Shortly after his death, his brothers and sisters instituted this action against the widow for a partition of his farm. The widow answered, asserting her right of dower in the land, and, by way of counterclaim, alleging that, of the purchase price, she had furnished to her husband $1,000.00, which was used by him in discharging three purchase money lien notes against the land, aggregating $1,000.00; that he had had these notes transferred and assigned to her by the owner thereof; and that he had delivered them to her as an evidence of her loan to him and to secure its repayment to her; that the notes had become lost and she was unable to file them; and that no part thereof had ever been paid. A demurrer to the counterclaim filed by plaintiffs having been over-

ruled, plaintiffs filed a reply traversing the allegations thereof. The case was referred to the master commissioner to hear, and reduce to writing, proof upon all issues raised by the pleadings. Upon proof heard by the master, filed with his report, he allowed the widow her claim of $1,000.00, with interest, as a lien upon the land, and reported that, after the payment of this lien debt and allotment to the widow of dower therein, plaintiffs were each entitled to an undivided one-fourth interest in same; and that one of the plaintiffs, Harman Maynard, having sold to the defendant his undivided interest in the land since the institution of the action, the defendant was entitled thereto. To this report, plaintiffs filed exceptions, and the case was submitted on the exceptions and the whole case, whereupon the court entered judgment, in conformity with the master's report, adjudging to defendant a lien upon the land for $1,000.00, ordering the sale of a sufficiency thereof to satisfy the lien, and that the remainder of the land, after allotment of dower to the defendant, be divided equally among the four plaintiffs, the defendant, Anna Maynard, to take the share of plaintiff, Harman Maynard, which she had purchased of him since the suit was instituted. From this judgment, the plaintiffs, Ben Maynard, Virgie Vicars, and America McCombs have appealed.

Two grounds are relied upon for reversal: First, that defendant did not establish by the proof the validity of the claim for $1,000.00, with a lien upon the land, asserted by her; and second, that, even if the proof did establish the validity of this claim, the court was without authority to allow it, and the judgment was void because the claim was not verified, as claims against decedent's estate are required to be by sections 3870-74, Kentucky Statutes, inclusive.

1. Defendant proved by numerous witnesses that her husband, Thomas V. Maynard, from the time of the payment of the lien notes in question to the time of his death, acknowledged that his wife had furnished him the money, derived from a sale of property in Johnson county, owned by her, to discharge these notes; that the notes had been assigned to her; and that she had a lien against the land to secure their payment. The only proof introduced by plaintiffs, in contradiction of this testimony, was the evidence of witnesses, who testified that, upon different occasions, Thomas V. Maynard had, not in the presence of defendant, made statements that

he was out of debt, and that he had paid these notes with his own money. This evidence of self-serving statements made by the deceased was clearly incompetent, but the defendant did not object to its introduction, and even if we consider all of this evidence, there is a clear preponderance in favor of the chancellor's finding; and we are not, therefore, authorized to disturb it.

2. Sections 3870-1-2, Kentucky Statutes, provide that no action shall be brought, or recovery had, on any demand against a decedent's estate until after demand of payment has been made of the personal representative, accompanied by the affidavits therein prescribed. Section 3874, Kentucky Statutes, provides that no demand against a decedent's estate shall be paid by his personal representative, or allowed as a credit by any commissioner or court, which is not verified by affidavit as required herein. These sections occur in a chapter of the statutes relating to personal representatives and their duties.

Notwithstanding the positive requirements found in these statutes, it has been held by this court that, in an action by a creditor for the settlement of an insolvent decedent's estate a demand of payment of the personal representative is not necessary, before the institution of the action. Fox v. Apperson, 6 Bush 653. But, in such state of case, verification of the claim as well as all other claims presented against the estate must be made, before they are allowed or paid. Huffman v. Moore, 101 Ky. 288; Hill v. Grizzard, 133 Ky. 816; Grey v. Lewis, 79 Ky. 453. These modifications are due to the provisions of sections 428 to 438 inclusive, Civil Code, prescribing the procedure in suits for settlement of estates.

Section 2089, Kentucky Statutes, provides that an heir or devisee may be sued in equity for any liability of the decedent or testator; and the creditor may also in such suits, if demanded, obtain by the proper procedure, a lien on any specified property descended or devised, not theretofore aliened, but not so as to prejudice thereby any other creditor. The defendant's counterclaim is a proceeding under this section of the statute, and is not an action against the personal representative, seeking a personal judgment against the administrator of the estate of the decedent; nor was such judgment rendered. There was, therefore, no necessity for a demand upon the personal representative, as is contemplated by sections 3870 to 3874, inclusive, Kentucky Stat-

utes, but the claim should have been verified, under section 3874, before it was allowed by the master and before judgment was entered thereon. The plaintiffs, however, in order to avail themselves of this right to have the claim verified, should have taken the proper steps in the lower court, but having failed to do so and having suffered defeat in the trial on the merits, they are estopped on appeal from making complaint that the demand was not verified. Lyons v. Logan County Bank, 25 Rep. 1668; Usher v. Flood, 12 Rep. 721; Tipton v. Richardson, 21 Rep. 1125.

The proper procedure in raising this question in the trial court is a motion for a rule to require verification of the claim. Thomas v. Thomas, 15 B. M. 178. It cannot be done by filing a demurrer to the pleadings, as counsel argue the question was raised by them in the trial court. By filing the demurrer to the pleading, setting up the claim, plaintiff waived demand and proof, Lytle v. Davison, 23 Rep. 2262, as does a plea to the merits of the claim. Hudson v. Combs, 110 Ky. 762; Gray v. Graziani, 165 Ky. 771.

Most of the authorities we have cited are reviewed in Harding v. Bullard, 172 Ky. 416, relied upon by plaintiffs as authority for their position, but that opinion, in no wise, conflicts with, but sustains, our conclusion. In that case the appellant, a creditor of the decedent's estate was sued by the executor upon a claim due the estate. By counterclaim, he set up his claim against the estate, without its verification as required by the statute, seeking a personal judgment against the executor. The case was submitted upon the two pleadings, the petition and answer and counterclaim, without proof. As the answer pleaded payment of the note set up, and this plea of payment was not controverted, the petition was dismissed; and the defendant's claim was dismissed without prejudice because of the absence of its verification. Upon appeal by the defendant from so much of the judgment as dismissed his counterclaim without prejudice, the judgment was affirmed upon the ground that, although the demand had been waived by the executor suing the defendant and bringing him into court, there was no waiver of the mandatory provision of the statute requiring verification and proof of defendant's claim, and the defendant, upon appeal, was estopped to complain of the judgment, because to allow him to do so would be permitting him to take advantage

of his own negligence in failing to make in the lower court the necessary statutory verification and proof of his demand. In the case at bar, the plaintiffs are the parties estopped to complain of the judgment upon appeal, having waived their right in the court below to complain of the failure to verify the claim. So, the questions of practice involved in the two cases not only are not the same or even similar, but are, in fact, the reverse of each other.

Judgment affirmed.