## Self, et al. v. York, et al.

(Decided April 28, 1925.)

Appeal from Edmonson Circuit Court.

1. Executors and Administrators—Demurrer Generally to Petition on Claim Against Estate Before Taking of Steps to Require Verification is Waiver Thereof.—Demurrer generally to petition on claim against estate of decedent before motion for rule to require verification or taking of other proper steps to obtain verification is waiver of want of verification.

2. Descent and Distribution—Wills—Statutes Relative to Presentation of Claims and Actions Thereon Not Applicable to Suit Against Heirs or Devisees.—Ky. Stats., sections 3847, 3870, 3872 relating to presentation on demands against estates of decedents, and requiring lapse of six months before suit, do not apply to actions against heirs or devisees under section 2089.

3. Descent and Distribution—Bill in Action for Services Rendered Held Fatally Defective for Failure to Aver Value of Service.—Petition in action under Ky. Stats., section 2089, against heirs of one deceased, for services rendered, held fatally defective for fail-

ure to aver value of such services or that they were of value, though alleging indebtedness in specified amount.

4. Appeal and Error—Order Sustaining Demurrer to Petition in Fact Defective Will be Sustained, though Counsel Relied upon Insufficient Reason.—Order sustaining demurrer to petition without pointing out ground upon which court acted will be sustained, though counsel pointed out to court an insufficient reason.

MILTON CLARK for appellants.

LOGAN & McCOMBS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

A general demurrer was sustained to appellants', Self, et al., petition, and the cause dismissed when they declined to further plead, and they appeal. It is averred in the petition that S. P. York died intestate, domiciled in Edmonson county, leaving surviving him as his only heirs at law the appellees, Gilliam York, Wm. York and Lizzie Graville; that during his lifetime York and wife, then old, lived on a described farm in Edmonson county and were the owners of it; that during that time S. P. York engaged appellants to work for him and to wait upon him and serve him and his aged wife so long as they lived, and that appellants accepted the employment and did work for York until he and wife passed away; that S. P. York agreed to pay appellants for labor done by them for him and wife; that this employment continued for about three years, and that during that time York paid appellant $80.00, "and they further say that at the time of the death of said S. P. York and his wife, as aforesaid, he was indebted to these plaintiffs in the sum of $1,200.00 for services performed under said contract of employment, and that same is now just and due . . . except the sum of $80.00 above admitted to have been paid on said claim by decedent, S. P. York." It was further alleged in the petition that at the death of York he had about $1,000.00 in cash, which passed by descent to his children, the appellees; that by reason of this fact the appellees took possession of the money and the tract of land and are holding and claiming it as their own and are, therefore, liable under section 2089, Kentucky Statutes, to appellants, to the extent of the amount received from the estate of their father on the indebtedness of their father, York, to appellants. To the petition is attached a prayer for the sum of $1,120.00 against Gilliam York, W. M. York and Lizzie Graville.

A general demurrer was filed to the petition on the grounds, as it is said in brief of counsel, it does not aver that a verified claim was presented to the administrator of York before suit was commenced, and upon the further ground that suit was commenced before the expiration of six months from the death of intestate and the qualification of the administrator.

We have held an action under section 2089 no verified claim is required to be presented to the administrator. Hill's Admr. v. Grizzard, etc., 133 Ky. 816; Maynard v. Maynard, 178 Ky. 332; King v. King, 182 Ky. 665. We have also held that where defendant demurs generally to the petition on a claim against an estate of a decedent before moving for rule to require verification, or taking other proper steps to obtain verification, he thereby waives verification of the claim. Maynard v. Maynard, *supra;* King v. King, *supra,* and other cases there cited.

Appellee relies entirely in brief upon sections 3870, 3871, 3872 and 3847, Kentucky Statutes, as ground for affirmance of the judgment, sustaining general demurrer to appellants' petition. These several sections relate to presentation of demands against the estate of decedent and the verification thereof, and further, "six months must run after the date of the qualification of the first personal representative of decedent's estate by a court of this Commonwealth before an action shall be commenced against any executor or administrator thereof, except to settle the estate, or against an executor *de son tort.*

Appellant insists in his brief that proof and demand of the personal representative is not necessary where the action is brought under section 2089, Kentucky Statutes, and further that the filing of a general demurrer to the petition is a waiver of the requirement of verification and demand of a personal representative. We do not think this position of appellees, as expressed in their brief, is sound. Appellant has the best of the argument presented by way of brief. Both, however, overlooked the fact that the petition was otherwise defective, omitting a material averment. While it is averred in that pleading that appellants were employed by York to perform services for him and wife during the remainder of their lives for which York agreed to pay, and that appellants had been paid $80.00 for services, there is no averment as to the value of the services performed for York and wife

during the remainder of their lives. There is no aver-ment as to the value of their services or that the services were of value. So far as the petition shows appellants were paid the full value of their services, if indeed they had value. The mere averment that the appellees are in-debted to appellants in the sum of $1,120.00 is not suffi-cient on general demurrer. Crain v. Crain, 197 Ky. 813.

The learned trial judge properly sustained the gen-eral demurrer to the petition, even though counsel pointed out for the court an insufficient reason, the order of the court omitting to set forth the point or ground on which the demurrer was sustained.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.