## Hall, et al. v. Murphy's Administrator.

(Decided May 25, 1926.)

### Appeal from Pike Circuit Court.

Executors and Administrators—Judgment for Value of Services to Decendent Cannot be Entered Before Verificaiton of Claim, Provision for which is Mandatory and Cannot be Waived by Failure to Object, though Action was Brought During Decedent's Life and Later Revived Against Administrator (Ky. Stats., Sections 3871, 3872, 3874).—While demand under Ky. Stats., Sections 3871, 3872, 3874, for value of services to decedent may be waived, judgment cannot be entered before verification of claim, provision for which is mandatory and cannot be waived by fail-

ure to object, though action was brought during decedent's life and later revived against administrator.

W. G. W. RIDDLE for appellants.

J. C. CANTRELL for appellee.

Opinion of the Court by Judge McCandless—Affirming.

In the distribution of the estate of John A. Murphy, his widow Nancy received a certificate of time deposit for the sum of $800.00 and certain mineral royalties amounting to $500.00 or $600.00 annually. It appears that she purchased a small house and lot out of her royalties and at the time of the first transaction mentioned herein was living in it with one of her sons who was paying her board. About the year 1918 her daughter, Nancy, who was then a grass widow with two or three small children came to live with her. This daughter was divorced from her husband but was not receiving anything from him either in the way of alimony for herself or maintenance for her children. Under some sort of arrangement the mother furnished the provisions and the daughter did the housework, the board money being divided between them. A short time afterward the daughter was sent to the asylum, where she remained nine or ten months. During this time the children remained with the grandmother. Upon the daughter's restoration she returned to her mother and later married John Hall and he became a member of the family. The old lady suffered from rheumatism and during the winter months was bedfast a large part of the time, and on the 29th of January, 1924, executed and acknowledged a written assignment of all her interest in the certificate of time deposit mentioned above. The daughter took this to the bank and cashed the certificate and redeposited $700.00 on time, taking the certificate to herself and receiving $100.00 in cash. Later on the 23rd of January, 1925, Nancy Murphy filed this suit against Mrs. Hall and her husband seeking to cancel the $700.00 certificate and to recover the amount of the original certificate, $800.00, on the ground that at the time she executed the written assignment and transfer of the certificate she was *non compos mentis*, and that it was procured by undue influence and was without consideration. Mrs. Hall answered, controverting the allegations of the petition, and by way

of counterclaim set up a verbal contract with her mother, which, it was alleged, she made at the time she first went to live with her and under the terms of which her mother was to pay her $1.00 per day and one-half of the board money so long as she should remain with her, and further alleging that no part of this had been paid and that she had waited upon and nursed her mother during sickness, &c. Proof was taken on all these issues, but Mrs. Murphy died before the submission of the case, whereupon by agreement of the parties it was revived in the name of the administrator of her estate and the case submitted. The lower court dismissed the counterclaim and rendered judgment in favor of the administrator. Defendants appeal.

Without setting out the evidence in detail it may be stated that the evidence fully sustained the judgment of the chancellor in every particular. It appears, however, that neither Nancy Murphy nor the administrator filed any reply to the answer nor was the affirmative matter in the counterclaim taken as controverted of record, and it is urged that as to it she was entitled to a judgment *pro confesso.* However, the defendants did not verify their claims as provided in sections 3871, 3872 and 3874, Kentucky Statutes, and while the demand provided in those sections may be waived, this court in a long line of decisions has held that the provision as to verification is mandatory and judgment cannot be entered before this is done. Harding v. Bullard, 172 Ky. 416; Huffman v. Moore, 101 Ky. 288; Hill v. Grizzard, 133 Ky. 816; Grey v. Lewis, 79 Ky. 453; Millett v. Watkins, 4 Bush 642; Ward v. Rhorer, 21 Rep. 1086; Maynard v. Maynard, 178 Ky. 332; and the same rule is applied where the action is brought during the life of the decedent and is later revived against his personal representatives. Worthly v. Hammond, 13 Bush 510.

While no objection for want of verification was made the above authorities hold that this provision is mandatory and cannot be waived, and as the case was submitted with the record in this condition, the court did not err in dismissing the counterclaim. It may not be amiss to say that if the verification had been made and issues joined on the counterclaim the same conclusions would have been reached on the evidence, and in no event is the appellant prejudiced by the judgment.

Wherefore, the judgment is affirmed.