# E. L. Martin & Company v. Davis' Administator et al.

(Decided December 11, 1928.)

## Appeal from Perry Circuit Court.

1. Executors and Administrators.—Where personal representative wishes to raise question of insufficiency of, or lack of, verification and demand for payment, proper procedure is to file motion for rule, properly supported, to require plaintiff to verify his claim, and party should be given opportunity to respond, and hearing had on matter, if issue is made.

2. Executors and Administrators.—Where petition against administrators, seeking to recover under bond executed by decedents, under Civil Code of Practice, sec. 221, in another action, did not allege demand for payment had been made, but undertook to show that claim had been verified and filed, administrators, by filing answer traversing allegation of petition, waived question as to no demand, and dismissal of petition for want of proper demand and verification was error.

3. Executors and Administrators.—Where administrators waived question of demand on claim, by filing answer to petition seeking recovery under bond executed by their decedents, dismissal of petition on motion for want of proper demand and verification, if proper, should have been without prejudice, and not absolutely.

WILSON & WILSON and T. E. MOORE, JR., for appellant.

B. P. WOOTTON and E. C. WOOTON for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

The appellant, E. L. Martin & Co., brought this suit against appellees, J. M. Dun's administrator and W. O. Davis' administrator, seeking to recover under a bond executed by their decedents under section 221, Civil Code, in another action. It was averred that the estate of Dun was insolvent, and also that verified claim had been filed with Davis' administrator. The latter filed an unsigned and unverified motion to dismiss the petition for want of proper demand and verification. The next day he filed an answer traversing the allegations of the petition, and pleaded that no proper demand or verification had been filed with him. He also alleged that in a previous action in the same matter a similar motion was sustained and the petition dismissed, which was pleaded as a bar to this action. The next order in the record, made a few days later, shows that the case was submitted on the motion,

and that it was sustained and the petition dismissed. The plaintiffs have filed a motion for an appeal from that judgment.

Where a personal representative wishes to raise the question of insufficient, or lack of, verification and demand for payment, the proper procedure is to file a motion for a rule, properly supported, to require plaintiff to verify his claim; whereupon a rule should issue and the party given opportunity to respond, and if an issue is made, a hearing had on the matter. Thomas' Executor v. Thomas, 15 B. Mon. (54 Ky.) 178; Nutall's Adm'r v. Brannin's Exor., 5 Bush (68 Ky.) 11; Maynard v. Maynard, 178 Ky. 332, 198 S. W. 910. In Comingor v. Louisville Trust Co., 128 Ky. at page 712, 108 S. W. 954 (33 Ky. Law Rep. 53, 129 Am. St. Rep. 322), the rule is thus stated:

> "Failure of the plaintiff to comply with the statutory requisition as to affidavit and demand must be objected to by the defendant before he interposes his defense on the merits of the case, by filing an affidavit showing that the preliminary proof and demand had not been made by the plaintiff, and then asking a rule against him to produce evidence of his compliance with the necessary prerequisites. If such evidence be not produced in response to the rule, the court will dismiss the action."

The petition in this case did not allege that demand for payment had been made, but did undertake to show that claim had been verified and filed with the administrator. A strict construction of this plea, however, would perhaps result in its being held insufficient, as not clearly pleading facts, but the question was not properly raised. By filing answer the defendant waived the question as to no demand, which it is now well settled may be done. Harding v. Bullard, 172 Ky. 416, 189 S. W. 242; Hall, etc., v. Murphy's Adm'r, 214 Ky. 691, 283 S. W. 1066; Maynard v. Maynard, supra. It was, therefore, error for the court to dismiss the petition on this motion. In any event the dismissal should have been without prejudice and not absolutely. Harding v. Bullard, supra.

The appeal is granted, and the judgment is reversed, for proceedings consistent herewith.