## Miller v. Miller's Administratrix.

(Decided Dec. 11, 1936.)

LEE S. JONES for appellant.
DODD & DODD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

Frank Miller died in August, 1935, leaving in full force and effect a policy of insurance, which had been issued him by the defendant Continental Assurance Company upon his life, in the amount of $1,000. The appellant, Jessie Miller, was at the time of the issuance of this insurance the legal wife of the insured, Frank Miller, and was by him named in the policy as beneficiary.

After thus taking this insurance in September, 1933, he later instituted a suit against his wife, the appellant and named beneficiary, for an absolute divorce, which was, in December, 1933, adjudged him, the court making as a part of its decree the further order that "each party shall restore to the other such property * * * as either may have obtained directly or indirectly from or through the other during marriage in consideration or by reason thereof."

Notwithstanding the granting of this divorce, it is pleaded and admitted that Miller and the appellant continued to live together thereafter up until the time of his death in August, 1935.

Following the insured's death, his widow, the appellant, instituted an action against the defendant, Continental Assurance Company, upon the life policy, wherein she was named as beneficiary, seeking as such to obtain the proceeds thereof. Also, about the same time, the appellee, Cecilia McGhee, a sister of the deceased, having qualified as administratrix of his estate, filed a second action against the defendant insurance

company, naming the appellant as codefendant therein, whereby she too sought to recover for deceased's estate the proceeds of the policy, predicating her suit upon the ground alleged in her petition, that, by reason of the appellant Jessie Miller having been divorced from the insured after the issuance to him of the life policy sued on (notwithstanding she was therein named as beneficiary), she was thereby divested of all insurable interest and right in the policy.

These two distinct actions, brought respectively against the insurance company upon the policy by the insured's widow and administratrix, were, by order of the court, consolidated and heard together.

The defendant insurance company answered, admitting its full liability for the amount of insurance named in the policy, but alleged that it was unable to determine which of the two plaintiffs, who presented and sued upon conflicting claims as to it, was legally entitled to the insurance or should be paid its amount of $1,000, and asked leave to pay the same into court for distribution between them as their respective rights thereto "should be made to appear" upon adjudication, and that it be allowed to withdraw, with its costs, from the suit, which was so ordered.

To the petition of appellee, suing as administratrix of her brother's estate, the appellant (his widow and named codefendant therein) filed a general demurrer, which was overruled, when she filed her answer, whereby, without traversing the allegations of the petition, she pleaded that, although she (as in the petition alleged) had been divorced from the deceased after this policy, wherein she was named as beneficiary, was issued him, in the settlement of the property rights between her and her husband at the time of their divorce proceedings in December, 1933, he did, for a valuable consideration, assign to her the proceeds of, and name her as his beneficiary in, the insurance policy.

To this answer, a general demurrer was filed and sustained, when appellant filed an amended answer and counterclaim, by the first paragraph of which she again pleaded more specifically an assignment of the policy and its proceeds to her, as made by her husband for a valuable consideration, and further alleged that, in ac-

cordance with an agreement, entered into between them in September or October, 1933 (when her husband was in bad health), to nurse him, the said policy of insurance was obtained by him, the premiums paid thereon by him for her use and benefit, and that she was named beneficiary therein by his indorsement of her name on the face of said policy. Also, by the second paragraph of her answer and counterclaim, she alleged that during the intervening period between March, 1933, and August, 1935 (the time of the insured's death), her husband was. in bad health, and that during all of this time she, at his special request, did render him personal services, care, and nursing and expend money on him, which were of the reasonable aggregate value of $1,000, and all of which were furnished by her with the expectation on her part of receiving compensation therefor from him, and that the deceased did obtain and maintain in force the life insurance policy here involved for the purpose of paying his obligation to her therefor.

To this amended pleading a general demurrer was again filed and sustained by the court, when a further pleading (entitled a second amended and substituted answer and counterclaim) was filed, reaffirming and combining all the allegations of the former pleadings, to which again a demurrer was filed and sustained.

The appellant declining to plead further, the case was thereupon finally submitted upon the pleadings, whereupon judgment was entered denying appellant any interest in or recovery of any part of the proceeds of the insurance policy, either as beneficiary or assignee thereof.

Appellant appeals from the court's rulings, in holding that none nor all of her several pleadings sufficiently set out facts to constitute a cause of action, contending that same were thereby sufficiently pleaded. In support of such contention as to the legal sufficiency of the facts alleged in the two paragraphs of her answer and counterclaim to state a cause of action, counsel for appellant argues: (1) That an ordinary life insurance policy on a man's life is assignable by him to his wife in settlement of property rights during divorce proceedings; and (2) that a divorcee may recover a judgment on quantum meriuit, for care, nursing, and money expended for her ex-husband at his request during his last illness, against

his personal representative, each of which legal proposition he insists was pleaded in paragraphs one and two, respectively, of the appellant's amended answer and counterclaim and to each of which, he insists, a demurrer was nonetheless erroneously sustained.

In other words, the one pivotal question here presented upon these legal issues, arising out of the facts as pleaded (and which appellant insists were sufficiently pleaded), is who of these claimants to the insurance is entitled to receive it under the showing made by these pleadings.

Appellant insists that she is entitled to receive the proceeds of this policy, under its alleged assignment to her, notwithstanding the provision of section 425, Civil Code of Practice (which embraces the provisions of section 2121, Kentucky Statutes), which, so far as here pertinent, is as follows:

"Upon final judgment of divorce from the bond of matrimony the parties shall be restored such property, not disposed of at the commencement of the action, as either obtained from or through the other before or during the marriage in consideration thereof."

She cites several cases wherein the widow was held entitled to certain insurance upon its assignment to her by her husband after divorce by way of settlement of property rights or upon the ground of equitable considerations there shown to exist in her behalf, which were held effective for establishing, as superior to all others, her equity thereto.

Confining ourselves within the rather narrow range of the first question here by appellant's counterclaim presented, it is sufficient to say that her pleadings (to which it is complained demurrers were erroneously sustained) do not bring the instant case within the rationale of the cited decisions relied on by appellant, where there appeared controlling equities in favor of the wife, resting either upon assignments or other acts done in settlement of property rights, with which the court was required to deal and which do not here appear, and it is to be assumed it was for such distinguishing fact and reason here ruled by the trial court that appellant's answer failed to state a cause of action, in that it did not

set out facts sufficient for creating such equitable considerations or for showing, as alleged, an assignment of the policy to have in fact been made, rather than that it held, by sustaining the repeated demurrers to the answer and counterclaim and amendments thereto, that a husband cannot legally, under any circumstances, assign his life insurance policy to his wife in the course of a settlement of property rights during divorce proceedings between them.

Here the claimed assignment of the policy to appellant was alleged as made by reason of the deceased's naming her as the beneficiary of his policy of insurance *when issued him prior to his divorce.* Appellant's alleging only such fact clearly was an insufficient pleading of facts to constitute an assignment of the policy.

We are, therefore, of the opinion that appellant's pleadings here before us, alleging such character of assignment of the policy to her, and upon which she predicates her right to recover the life insurance left by her deceased husband as an assignee, were not legally sufficient as such to take her case out of the general rule that a divorced wife has no interest in the proceeds of a life insurance policy issued on the life of her husband, merely by reason of her having been named beneficiary therein in consideration of or during their marriage, nor is such fact sufficient to constitute an assignment of the policy to her after a later court decree, for or against the wife, dissolving the relationship. To such effect has it been held repeatedly by this court, that she is thereby divested of all insurable interest in the husband's life or insurance thereon. The rule was so announced by us in Sea's Adm'r v. Conrad, 155 Ky. 51, 159 S. W. 622, 624, 47 L. R. A. (N. S.) 1074, Ann. Cas. 1915C, 318, as follows:

"There can be no doubt of the fact that appellee was, by the terms of the policy issued upon the life of Henry Conrad, named therein as the beneficiary because she was his wife and by reason thereof had an insurable interest in his life. It is patent, therefore, that whatever interest or right she then had or took under the policy was acquired in consideration or by reason of her marriage to Henry Conrad. The interest or right she thus acquired was destroyed by the judgment of divorce which op-

erated, by virtue of its terms and the provisions of the Code, to divest her of it.''

Again was this rule reannounced in Flimin v. Flimin's Adm'x, 250 Ky. 827, 64 S. W. (2d) 165, 167:

"It has been repeatedly held by this court that judgment of divorce divests the wife of all interest in the insurance policy of the husband in which she is named beneficiary before or during, and in consideration of, their marriage.'' (See supporting cases therein cited.)

Next turning our attention to appellant's second contention, made as stated supra, that she was here entitled, as sought by paragraph two of her counterclaim, to recover a judgment against the deceased's insurance, sued for by his administratrix, by way of quantum meruit, for her care, nursing, etc., of her husband during the stated period of his illness (when no longer his wife, though continuing to cohabit with him), which she alleges was done at his request: It would appear that it is sufficient answer to appellant's insistance upon this procedure, of a quantum recovery for her services, to say that the quantum meruit claim as here presented for services rendered the deceased's estate, without verification of claim, does not comply with the requirements of section 3870 et seq., Kentucky Statutes, which have been construed to be mandatory, as was held in the case of Hall v. Murphy's Adm'r, 214 Ky. 691, 283 S. W. 1066, the court there saying:

"However, the defendants did not verify their claim as provided in sections 3871, 3872, and 3874, Ky. Statutes, and, while the demand provided in those sections may be waived, this court in a long line of decisions has held that the provision as to verification is mandatory, and judgment cannot be entered before this is done [Harding v. Bullard, 172 Ky. 416, 189 S. W. 242; Huffman v. Moore's Adm'r, 101 Ky. 288, 41 S. W. 292, 19 Ky. Law Rep. 461; Hill's Adm'r v. Grizzard, 133 Ky. 816, 119 S. W. 168; Grey's Ex'r v. Lewis, 79 Ky. 453; Millet v. Watkins' Adm'r, 4 Bush, 642; Ward v. Rhorer's Adm'r, 54 S. W. 6, 21 Ky. Law Rep. 1086; Maynard v. Maynard, 178 Ky. 332, 198 S. W. 910]; and the same rule is applied where the action is brought.

during the life of the decedent and is later revived against his personal representatives [Worthley's Adm'r v. Hammond, 13 Bush, 510].

"While no objection for want of verification was made, the above authorities hold that this provision is mandatory and cannot be waived, and, as the case was submitted with the record in this condition, the court did not err in dismissing the counterclaim."

We, however, are not, in holding that the claim could not be recovered as here presented by appellant's counterclaim, seeking to subject by quantum meruit intestate's insurance (in this consolidated action sued for by his administratrix for the benefit of his estate) to be considered as expressing any opinion as to the merit of her claim for care and services alleged rendered the decedent, when verified properly and presented to the administratrix of the deceased's estate as required by the applicable sections of the Statutes, section 3870, et seq., supra.

Further, too, do we view the court's complained of ruling, in sustaining the demurrer to this paragraph of the amended pleading as proper, as being controlled by the rule announced in the case of Supreme Liberty Life Insurance Co. v. Ridley's Adm'r, 261 Ky. 403, 87 S. W. (2d) 940, 942, 101 A. L. R. 1511, where the court said:

"The narrow question that we have here is, whether a debt due from the decedent individually to defendant may be set off against a claim maturing in favor of the former's personal representative after his death, notwithstanding the decedent may have been insolvent at the time of his death. The question was first presented to this court in the case of Burton v. Chinn's Adm'r, Hardin, 252, 260, and the right to do so was disallowed. It was again presented in the case of Crews v. Williams, 2 Bibb, 262, 4 Am. Dec. 701, and Chief Justice Boyle, in writing the opinion for the court, disallowed the right of offset under such circumstances, and in doing so said: 'It is a well settled principle, that where an executor sues for a cause of action arising after the death of the testator, the defendant cannot set off a debt due to him from the deceased

in his lifetime. * * * For if setsoff of that nature were permitted, it would frequently alter the course of distribution, and subject the executors to a devastavit, as by that means debts of an inferior dignity would be frequently discharged before debts of a superior degree.' The rule as so declared is in complete accord with all text-writers on the subject so far as we have been able to discover. We have found no case holding to the contrary.

"The text in 57 C. J. 452, sec. 101, says: 'In an action on a debt payable to an administrator, a debt due defendant from the intestate cannot be set-off, the demands being in different rights.' "

See, also, 24 R. C. L. 873, sec. 80 and 11 R. C. L. 265, sec. 300.

The appellant, Jessie Miller, here claims the amount of deceased's insurance, $1,000, as being also the amount of her claim or debt due from the decedent, Frank Miller, individually to her for services rendered him, which it would appear, under the legal principle announced in the cases and authorities cited supra, the court properly held could not be set off against the claim maturing in favor of the deceased's personal representative, Cecilia McGhee, after his death, notwithstanding the fact that the deceased may have been insolvent at the time of his death, but that appellant should rather be left to present her claim against the estate, and if same be allowed, to take ratably with the other creditors of the estate should it prove insolvent.

For the reasons indicated, we conclude that the court did not err in sustaining the demurrers filed to appellant's answer and counterclaim and amendments thereto, and its judgment in so doing is therefore affirmed.