## Williamson et al. v. Payne.

June 1, 1945.

V. R. Bentley for appellant.

Henry J. Scott for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellee, O. F. Payne, as receiver of the Huntington Banking & Trust Company (hereinafter referred to as the Bank) recovered judgment against Edna B. Williamson, executrix of the estate of her sister, Ellen B. Williamson, and Edna B. Williamson individually for $1,438.88 with 6% interest per annum from June 6, 1933, to date of judgment, or $941.75, making a total of $2,-380.63. The debt of $1,438.88 represented the balance due on a note of $1,450 appellant and her decedent executed to the Bank on April 7, 1933. This action was consolidated with other suits wherein creditors were attempting to collect liens against decedent's estate and was heard by the chancellor.

The petition as amended alleged that on April 7, 1933, Ellen and Edna Williamson executed to the Bank their note whereby they promised to pay it 60 days after date $1,450, with 6% interest per annum from maturity until paid, and that the only credit on the note was $11.12 decedent had on deposit in the Bank and this was applied on the note the day it was executed, which was the date the Bank closed its doors. It was further alleged that Ellen Williamson died "on the — day of——, 1940," and that her will which was probated on Feb. 24, 1940, in the Pike County Court devised the bulk of her estate to her sister, Edna, who was named as executrix.

Mrs. Edna Williamson, as executrix and individually, filed an answer and counterclaim in which the execution of the note was denied. She admitted making a $2,300 note but averred that the decedent had $5,311.37 in the Bank on savings or time deposit and that on March 3, 1933, the institution was closed by Presidential Order and it satisfied the note out of this fund, but failed to account for the balance of $3,011.37 and is indebted to her in that sum, for which she asked judgment on her counterclaim.

By an amended pleading the execution of this $1,-450 note was admitted, but she averred this note was signed in blank while she was a citizen of Kentucky and delivered to the bank in West Virginia and that it was a foreign bill of exchange and was barred by the 5 year statute of limitation (KRS 413.120), and that the Bank was not a holder in due course.

The case was referred to a special commissioner, Hon. Sidney Trivette, who filed a well-considered report in which he thoroughly reviewed the evidence and found that the $1,450 note sued on was a renewal in part of a $2,300 note these two ladies had executed to the Bank on December 7, 1932, which had been reduced to $1,450 on April 7, 1933, by a number of credits set out in the report. The largest of these credits was $650 representing the balance of a time deposit of $1,011.35 Mrs. Ellen Williamson had in this Bank which she pledged as collateral on the original note.

The commissioner quite appropriately pointed out in his report that if there had been $5,300 to the credit of Mrs. Williamson on time deposit, there would have been no occasion for her to have borrowed $2,300 represented by the original note signed by her and her sister. That the memorandum relied upon to establish $4,-300 of the alleged time deposit does not appear to be genuine and was made on the back of a ''charge slip'' used by the National Bank of Commerce of Williamson, West Virginia. To refute the contention of Mrs. Edna Williamson that the $2,300 note had been paid and delivered to her (which she testified mysteriously disappeared from her home along with other papers) the commissioner called attention to a check in her handwriting for $111 given on January 6, 1933, to apply as a credit on this $2,300 note.

Defendant filed exceptions to the report, which the chancellor overruled and rendered judgment, as recommended by the commissioner, in favor of the Bank for the amount asked and dismissed the counterclaim.

We can see no reason to encumber this opinion with an analysis of the considerable amount of testimony or the innumerable exhibits appearing in the record. It will suffice to say that the facts so clearly support the findings of the commissioner that it is difficult to con-

ceive how he could have reached any other conclusion or that the chancellor could have done otherwise than confirm his report. Banks do not informally give receipts on scratch paper representing $4,300 in time deposits, nor do customers borrow large sums at 6% interest when they have twice that amount on time deposit in the same institution bearing 3% interest. Therefore, we will confine ourselves to the questions of law raised by appellant.

Much is said in appellant's brief on the subject of alterations, and the presumption that a note is completed before its signature does not arise where it is written in different colored inks and in different hands. There is no evidence of any alterations and such argument is based on a dim blur made by a red pencil mark across the figures "$1,450" appearing in the upper left-hand corner of the note. Mrs. Edna Williamson testified that acting under a power of attorney she signed her illiterate sister's name, as well as her own, to blank notes payable to the Bank which were to be filled in by it and used as renewals when the obligations of the Williamson sisters matured because it was not always convenient for them to come to Huntington and renew their notes. The discussions and the authorities cited on these points have no bearing in the instant case.

We are constrained to disagree with appellant that the note sued on was placed on the footing of a bill of exchange and was barred by the 5 year statute (KRS 413.120). The evidence shows that the note in question was payable to the Bank which never negotiated it. The only way a note may be placed on the footing of a bill of exchange is by its negotiation in good faith for value before maturity. Coleman v. Coleman's Ex'r, 189 Ky. 96, 224 S. W. 668; Alexander v. West, 241 Ky. 541, 44 S. W. 2d 518. As this note was never placed on the footing of a bill of exchange by being negotiated, the 15 year statute (KRS 413.090) and not the 5 year statute (KRS 413.120) applies. Alexander v. West, supra.

There is no force in appellant's argument that the Bank was not a holder in due course. The Bank did not contend that it was such a holder and it could not with reason have taken that position, since for one to become a holder in due course the paper must be transferred to him before maturity, in good faith, for value and with-

out notice of any infirmity in the instrument or defect in the title of the person negotiating it. KRS 356.052. Therefore, the original payee is not a holder in due course. Southern Nat. Life Realty Corporation v. People's Bank of Bardstown, 178 Ky. 80, 198 S. W. 543; Fidelity & Columbia Trust Co. v. Nordeman, 266 Ky. 106, 98 S. W. 2d 47.

The next complaint is that the Bank did not file a verified claim with the executrix as required by KRS 396.010 and 396.020. However, appellant is estopped from raising this question for the first time in this court. Objection to the failure of the plaintiff to comply with the statutory requirements must be made before defense is interposed on the merits of the case, which was not done in this instance. Maynard v. Maynard, 178 Ky. 332, 198 S. W. 910; Harding v. Bullard, 172 Ky. 416, 189 S. W. 242; E. L. Martin & Co. v. Davis' Adm'r, 226 Ky. 722, 11 S. W. 2d 912. It was written in Hall v. Murphy's Adm'r, 214 Ky. 691, 283 S. W. 1066 that while demand may be waived, verification is mandatory and no judgment can be entered until the claim has been verified. However, as was pointed out in the Harding opinion, supra, where the personal representative had made defense on the merits without objection to the lack of demand and verification, he is estopped from raising the question on appeal; and the Maynard case, supra, is to the same effect.

Lastly, it is insisted that under KRS 396.030 interest should not be allowed as demand was not made on the executrix within one year after her appointment. From the evidence there may be some question whether the demand was made upon the executrix within the statutory period of one year for the payment of this note, although Mrs. Edna Williamson testified "it was several months after my sister's death before I had any knowledge of their trying to collect anything." However that may be, the exceptions filed to the special commissioner's report did not include the item of interest, therefore it cannot be raised in this court for the first time. Litteral v. Burris' Ex'r, 230 Ky. 757, 20 S. W. 2d 752. Nor can complaint be made here by executrix of incompetent evidence contained in the depositions since that was waived by her failure to file written exceptions thereto and obtain the ruling of the chancellor

thereon. Civil Code of Practice, secs. 586—589; Chestnut v. Allen, 282 Ky. 703, 139 S. W. 2d 729.

The judgment is affirmed.