## Self, et al. v. York, et al.

(Decided March 11, 1927.)

### Appeal from Edmonson Circuit Court.

Executors and Administrators—Evidence Sustained Finding that Value of Plaintiffs' Services to Defendants did Not Exceed $80.00 and Use of Farm for Three Years (Ky. Stats., Section 2089).—In

action under Ky. Stats., section 2089, against the heirs, for services to aged husband and wife, residing on farm, during period of three years prior to their death, rendered by neighbor and wife, evidence held to sustain finding that value of plaintiffs' services did not exceed $80.00 and use of aged couple's farm during the three years.

MILTON CLARK for appellants.

LOGAN & McCOMBS for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

In February, 1923, S. P. York died intestate. He was between 70 and 80 years of age, and his wife, an aged woman, died one week later. They had resided alone on a farm in Edmonson county for three years or more prior to his death, all their children having married and established homes of their own elsewhere.

For three years apppellants Self and wife had been their neighbors on an adjoining farm, and they as joint plaintiffs filed an equitable action against the heirs at law of S. P. York asserting a balance of $1,120.00 on a claim against S. P. York, under an alleged contract for services alleged to have been rendered to York and his wife during that period by appellant and his wife. They proceeded under section 2089, Ky. Stats., and not only sought a judgment against the heirs at law, but asserted a lien against the landed estate of the decedent.

A demurrer to that petition was sustained in the circuit court, and on appeal by the plaintiffs to this court that judgment was affirmed upon the ground that the plaintiffs had failed to aver that their services so alleged to have been rendered, were of any value, or that the admitted credit of $80.00 had not fully paid them for such services. Self v. York, 208 Ky. 594.

After that opinion plaintiffs brought this new suit, asserting the self-same claim in the same way, but supplementing the allegations of the former petition as to the value. To that petition appellees filed an answer, relying upon the judgment in the former action as a bar to this, without any plea to the merits. The circuit court sustained a demurrer to that answer, and thereafter the allegations of the petition were controverted on the record and the parties prepared the case and submitted it on the issues thus made.

It is obvious, therefore, that the two controlling issues were whether plaintiffs had rendered any services to York and his wife, and if so the value of such services.

Neither of appellants was related to York or his wife, and we shall assume for the purposes of this opinion that the parties occupied toward each other no such status as will raise the presumption that the services were gratuitously rendered.

The evidence tends to show that S. P. York and his wife were aged people and lived alone, and that they were each, during the period involved, more or less incapacitated from doing physical labor, or the ordinary things necessary to their comfortable existence. This applied more to the old lady than to the old gentleman, it appearing that for a great portion of that time she was afflicted with rheumatism and possibly other physical ills which unfitted her for domestic duties; but as to the old man the evidence only shows that he was occasionally, for a few days at a time, incapacitated, but that the rest of the time he in large measure took the place of his wife and did the cooking and performed other domestic duties around the house. During the three years in question he did not undertake to operate his farm, but had only two milk cows and no other stock, while appellant seems to have had practically the control of the farm and used it for his own purposes by pasturing his stock thereon, and using the stock barn thereon for their shelter during the winter months. No part of the farm was cultivated during that period by either of them, except that appellant, Mike Self, did, at least one or two seasons, raise a large garden on York's place for the joint benefit of the two families, but of which his own family probably had the greater benefit. It does appear that the female plaintiff at times, when both of the old people were indisposed, got meals for them, and that either one or both of the plaintiffs would milk the York cows when they milked their own, and there is evidence that Mike Self sometimes cut and carried wood into the York house, but that York each season paid others to cut up that wood and haul it to a place near the house in proper lengths for use. It also appears that Self, probably during that period, at two or more places, repaired the outside fences of the York place, but that one of such places was his own fence on the dividing line between the two farms. It must be remembered, however, that during those times Self's

stock was running at pasture upon the York land, and that he in all probability was doing this repair work to protect his own stock.

On the other hand, the evidence by other neighbors is that they frequently rendered the old people similar services when they needed them, and that when they were at the York home they rarely ever saw the appellants there; they also testify that S. P. York himself during these years was most of the time able to and did perform the domestic work around the house, including cooking, and that neighbors performed for them at times the same services appellants claimed to have performed at all times.

The net result is that appellants, together with other neighbors, did kindly service for those old people at times, and that they have received therefor $80.00 in cash and the use of the York farm for three years.

Under the evidence the chancellor below reached the conclusion that their services so rendered were not in excess of the value which the evidence shows they received; and, giving due weight to his finding of fact, we see no reason to disturb his judgment.

Judgment affirmed.